FRANK MARQUARDT v. HERMAN HUBNER.

October 23, 1899.

Nos. 11,800—(176).

Judgment notwithstanding Verdict—Cruikshank v. St. Paul F. & M. Ins. Co. Followed.

> Held, following Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, that Laws 1895, c. 320, authorizes a judgment notwithstanding the verdict only in cases where it is clear upon the whole record that the moving party is, as a matter of law, entitled to judgment on the merits. It is not sufficient, to warrant such judgment, that the evidence was such that the trial court, in its discretion, ought to have granted a new trial.

Same—Evidence.

> Evidence considered, and held, that the trial court erred in granting defendant's motion for judgment notwithstanding the verdict.

Action in the municipal court of Mankato to recover $75 for services rendered. The case was tried before Shissler, J., and a jury, which rendered a verdict in favor of plaintiff for $30.25. The court granted a motion for judgment notwithstanding the verdict; and from a judgment entered pursuant thereto, plaintiff appealed. Reversed.

*C. O. Dailey,* for appellant.
*Wm. N. Plymat,* for respondent.

START, C. J.

This is an action to recover the reasonable value, less certain payments, of services rendered by the plaintiff between January 12 and July 3, 1898, as a farm laborer for the defendant. The answer alleged that the services were rendered pursuant to an entire contract, whereby the plaintiff agreed to work for the defendant for 10 months from and after January 12, 1898, for the entire sum of $184, and that on July 3, 1898, he, without any lawful justification, abandoned such contract, and refused to further perform it. The reply admitted the special contract, and that the services in question were performed under it, but alleged, as a cause for quitting the work, the fact that he was required to work some 16 hours a day, and in the field when it was raining, whereby his health was endangered.

The truth of the allegations of the reply was the only issue submitted to the jury except the value of the services. At the close of the evidence the defendant requested the court to direct a verdict for the defendant, which was denied, to which ruling he excepted. The case was submitted to the jury, and a verdict returned for the plaintiff for $30.25. Thereupon the trial court, on motion of the defendant, rendered judgment for the defendant on the merits, notwithstanding the verdict, and the plaintiff appealed from the judgment.

The statute (Laws 1895, c. 320) authorizes a judgment notwithstanding the verdict only in cases where it is clear upon the whole record that the moving party, as a matter of law, is entitled to judgment on the merits. It is not sufficient, to warrant such judgment, that the evidence was such that the trial court, in its discretion, ought to have granted a new trial. Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958. Testing the record in this case by this rule, it is manifest that the trial court erred in granting defendant's motion for judgment. The evidence given on the trial was such that the jury might have found either way on the issue as to whether the plaintiff had good cause for quitting work. The plaintiff testified:

"I got up every morning, during all the time I worked for the defendant, at a quarter to five o'clock, and did not get through with my work until 9 or 9:30 at night. * * * I also had to work in the rain, in the field, for the defendant, during seeding time and plowing corn. It rained a good deal during corn-plowing time. This work in the rain for the defendant endangered my health. I could not very well stand the long hours of labor I had to perform. I quit work on July 3."

The defendant's testimony, which was corroborated by other witnesses, was to the effect that the plaintiff did not, and was not required to, work 16 hours a day, or any greater number of hours than is customary for farm laborers to do, or in the rain. The credibility of the respective parties was a question for the jury, who found in favor of the plaintiff, and his testimony, for the purposes of this appeal, must be assumed to be true. But the respondent contends that, conceding it to be true, it does not appear that the plaintiff was required by the defendant to work 16 hours a day, and in the rain, and if he did so it was of his own notion, and therefore the evidence fails to show any cause justifying the plaintiff in quitting work. His testimony is that he was up before 5 o'clock in the morning, and did not get through his work until 9 or 9:30 at night, and that he could not well stand the long hours of labor he had to perform. This evidence, if satisfactory to the jury, is sufficient to justify the conclusion that the plaintiff did not get up at the time, and employ himself in the defendant's business for the number of hours each day claimed, for his own pleasure, but that it was necessary for him to do so in order to do the work assigned to him. The defendant was not entitled to a judgment on the merits as a matter of law.

Judgment reversed, and case remanded, with directions to the trial court to enter judgment on the verdict for the plaintiff.

CANTY, J.

I am of the opinion that the evidence is not sufficient to sustain a verdict for plaintiff. But it is fairly to be inferred from the evidence that it is defective in this respect merely because plaintiff, in his testimony on his own behalf, failed to express in language the meaning he intended to convey. While, under these circumstances,

defendant was entitled to a new trial, he was not entitled to judgment notwithstanding the verdict; but he never asked for a new trial. The order appealed from should, therefore, in my opinion, be reversed, without any further directions to the court below.