## Benjamin F. Shannon v. Cyrus A. Potts.

1. REAL ESTATE BROKER—*when, entitled to commissions.* A real estate broker is entitled to his commissions where he is the procuring cause of the sale, and it is not necessary that the purchaser should have been in personal communication with the broker; it is sufficient if the sale is effected through the efforts of the broker or through information derived from him.

2. INCOMPETENT EVIDENCE—*when admission of, waived.* The admission of incompetent evidence is waived where the complaining party asked and had given an instruction which assumed the competency of the evidence complained of.

Action of assumpsit. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904. Rehearing denied and opinion modified December 16, 1904.

JOHN E. HOGAN, for appellant.

R. M. POTTS and W. M. PROVINE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment for $320 recovered by appellee, a real estate broker, against appellant, for commission upon the sale of 320 acres of land. Appellant, in writing, authorized appellee to sell 320 acres of land in Christian county, at $85 per acre, and agreed to pay appellee $1 per acre as commission. The agreement also provided that if appellant sold the land, independently of appellee, the latter should receive no commission.

Appellee had sub-agents, among others one Robert Hudgens, at Monticello, to whom appellee sent by mail a list of property, including that belonging to appellant, which he had for sale. Hudgens interested one A. T. England in the property of appellant, and the latter was induced to go to Taylorville, where he met and was entertained by appellee, and taken to see the land of appellant. There is evidence tending to show that A. T. England did not desire to purchase land for himself, but that he was looking for a bargain in land for his son, Charles E. England; that having seen appellant's land; A. T. England expressed himself as being pleased with it and inquired of appellee whether the latter would have any objection to his (England) dealing directly with appellant; that appellee replied that he had no objection and would get his commission just the same; that A. T. England subsequently spoke to his son of the land, " bragged " on it and informed him

that appellee was agent for its sale; that the son upon the information received from his father in regard to the land went to Taylorville and there met one F. H. Barnes, a real estate agent with whom appellant had also listed the land for sale; that they together went to look at the land and Charles E. England entered into a contract with appellant for its purchase at $85 per acre, which contract was subsequently consummated.

The evidence in the case is close and conflicting; the jury, who saw and heard the witnesses, have said that appellee was the procuring cause of the sale by appellant to England; the trial judge has sanctioned the verdict of the jury. The facts detailed by us, which there is evidence in the record tending to prove, we think justify the conclusion of the court and jury.

It is urged by appellant that, in the absence of proof that appellee conducted negotiations with Charles E. England in person, appellee cannot be said to have been the procuring cause of the sale.

It is not necessary that the purchaser should be in personal communication with the broker. It is sufficient if the sale is effected through the efforts of the broker, or through information derived from him. Hafner v. Herron, 165 Ill. 242.

Over the objection of appellant appellee was permitted to read to the jury from the deposition of W. S. Ridgely certain questions and answers relating to a conversation between the witness and A. T. England, in which the latter, referring to appellant's land, said to witness that he had purchased and made a trade for his son Ed., meaning Charles E. England. The evidence was incompetent and appellant's objection thereto should have been sustained.

In view of the fact, however, that other witnesses testified to similar statements made by A. T. England without objection upon the part of appellant, and that the third instruction given at the request of appellant assumed the competency of the evidence for certain purposes, we are of opinion that appellant is not in a position to assign the ruling as error.

Some of the instructions given at the request of appellee, particularly the first and fourth, did not state the law of the case as accurately as it might have been stated, but as appellant's first and fourth given instructions contain the same fault appellant is not in a position to complain.

The judgment is affirmed.

*Affirmed.*