Cheshire,
June 26, 1909.

## FINKELSTEIN *v.* KEENE ELECTRIC RAILWAY CO.

Where the servant of a street railway company testifies on cross-examination
that he made a written report to his employers of a transaction which is
the subject of inquiry, the report is not thereby rendered competent as
affirmative evidence for the defendant corporation; and its erroneous
admission furnishes sufficient cause for setting aside a verdict, if the facts
stated therein are prejudicial to the plaintiff.

In such case, the subsequent cross-examination of a witness as to his recollec-
tion of the contents of the report does not amount to a waiver of the excep-
tion to its admission.

CASE, for personal injuries.   Trial by jury and verdict for the de-
fendants.   Transferred from the April term, 1908, of the superior
court by *Stone*, J.

The plaintiff was injured while, or just after, alighting from
the defendants' car.   The conductor of the car was called by the
defendants and testified in regard to what occurred at the time the
plaintiff was injured.   On cross-examination, he testified that some
days afterward he made a written report to the company at the
request of the company's superintendent.   On redirect examina-
tion, the report was ruled in, subject to the plaintiff's exception.
Among other things, the report stated that the accident was due to
want of care of the plaintiff alone.

*Joseph Madden*, for the plaintiff.

*Charles H. Hersey* and *John E. Allen*, for the defendants.

WALKER, J.   The report should have been excluded.   The
fact that upon the plaintiff's cross-examination of the defendant's
conductor it appeared that he made a report of the accident to the
defendant, did not render the report competent as affirmative evi-
dence for the defendant of the truth of the facts stated therein.
Because one party proved the fact that a report was made did not
authorize the other party to prove the contents of the report.   The
plaintiff did not offer any part of the report as evidence, and the
question whether the defendant might then use other parts of it or
the whole of it as explanatory evidence ( *Wentworth* v. *McDuffie*,
48 N. H. 402; *Whitman* v. *Morey*, 63 N. H. 448; *Page* v. *Hazel-
ton*, 74 N. H. 252, 254) did not arise.   Nor can it be said that the
contents of the report were not prejudicial to the plaintiff.   The

statement that the accident was wholly due to the plaintiff's want of care is sufficient to show that the admission of the report furnished the jury with incompetent evidence of a most damaging character to the plaintiff.

The plaintiff's cross-examination of the defendant's motorman, who had testified that the report stated the truth, as to his recollection of the report, did not amount to a waiver of the exception to its admission. The witness' credibility was properly tested in this way after the report had been admitted as evidence before the jury. Clearly, there was no waiver of the exception.

*Exception sustained: verdict set aside.*

YOUNG, J., dissented: the others concurred.