FIRST STATE BANK OF ECKMAN, a Corporation, v. PETER KELLY.

(152 N. W. 125.)

**Negotiable promissory note — legal existence — delivery — parties — intention.**

1. As a general rule, a negotiable promissory note, like any other written instrument, has no legal or operative existence as such until it has been delivered in accordance with the purpose and intention of the parties.

Note.—Where an agreement contemporaneous with the execution of a promissory note constitutes a condition which is to happen before the note is delivered or goes into effect, a failure to perform the agreement is a good defense to the note. This is shown by a review of the authorities in division VII. of a note in 43 L.R.A. 449, on contemporaneous agreements and their breach as defense to a promissory note;

**Promissory note — executed by one person — delivery upon condition to be signed by another — payee cannot enforce.**

2. A promissory note delivered by a person who has executed the same upon the express condition that such note shall not be deemed the note of the party so executing it, or as delivered, unless it is also executed by another person as a comaker, cannot be enforced by the payee against the person so executing it, unless also executed by the other person so named in the condition as a co-maker.

**Evidence — notes — delivery — conditions — parol evidence — rule — written instruments.**

3. In such case evidence tending to prove the condition upon which such notes were executed and delivered to the payee, and that such condition had never been complied with, is competent, and does not come within the rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument.

**Original payee — action by — negotiable instruments — consideration — subject of inquiry — parol evidence.**

4. In an action by the original payee of a negotiable instrument, or by one having notice, the question of the consideration may be inquired into, and parol evidence is admissible to show the real consideration for the instrument.

**Accommodation note — action on — by party accommodated — parol evidence.**

5. One who signs a promissory note for the accommodation of another may show that fact by parol in an action against him by the party accommodated.

**Execution of promissory note — agreement to release maker — prior contemporaneous — inadmissible.**

6. Parol evidence is inadmissible to show that prior to, or contemporaneous with, the execution of, a note, the payee agreed to release the maker upon the happening of a certain contingency, and take a note of another person in lieu thereof.

**Improper evidence — objection to — cross-examination — not a waiver.**

7. Objection to improper evidence is not waived by cross-examination of the witness on the same subject.

**Promissory note — action on — parol evidence — tending to vary terms of — instructions — request for — estoppel.**

8. Where, in an action on a promissory note, parol evidence tending to vary

---

and the cases reviewed in a note in 18 L.R.A. (N.S.) 288, show that it is generally held that as between the immediate parties and those taking with notice it can be shown by parol that a note was not to operate as a valid obligation until the happening of a certain event.

and contradict its terms is improperly admitted, over objection, the mere fact that plaintiff's counsel requests an instruction in order to limit as far as possible the prejudicial effect of such evidence does not, where such instruction is refused by the trial court, estop the latter from asserting on appeal that the admission of such evidence was error.

**Accommodation maker — defense — pleading.**

9. The party for whose accommodation a promissory note was executed is not entitled to recover from the accommodation party thereon, but such defense in order to avail must be specially pleaded.

**Judgment notwithstanding the verdict — merits — law.**

10. The laws of this state authorize a judgment notwithstanding the verdict only in cases where it is clear upon the whole record that the moving party is, as a matter of law, entitled to judgment on the merits.

**Judgment notwithstanding the verdict — when properly made or granted — defects — remedied — further or new trial.**

11. It is not sufficient to warrant such judgment that the evidence was such that the trial court ought to have granted either a motion for a directed verdict, or a new trial on the ground of insufficiency of the evidence to sustain the verdict, but it must, also, appear that there is no reasonable probability that the defects in or objections to the proof necessary to support the verdict may be remedied upon another trial.

**Evidence — pleading — variance — amendment — not cured by.**

12. Such judgment is not warranted on the ground merely that the evidence was variant from and inadmissible under the allegations of the defendant's answer, but it must further appear that no amendment of the answer can properly be made making such testimony competent.

Opinion filed March 16, 1915.

Appeal from the District Court of Bottineau County, *Burr,* J.

Judgment for defendant, and plaintiff appeals.

Reversed and remanded.

*Bangs & Robbins* for appellant.

Oral evidence of a collateral agreement is inadmissible. 17 Cyc. 589, 644; 1 Enc. Ev. 453; 1 Dan. Neg. Inst. § 80; Joyce, Defenses to Com. Paper, 320; 3 Randolph, Com. Paper, § 1901; 4 Am. & Eng. Enc. Law, 2d ed. 146–484; American Gas & Ventilating Mach. Co. 43 L.R.A. 453, note.

The execution of a contract in writing, whether the law requires it or not, supersedes all oral negotiations or stipulations concerning the matter which preceded or accompanied the execution of the instru-

ment.   Thompson v. McKee, 5 Dak. 172, 37 N. W. 367; National German American Bank v. Lang, 2 N. D. 66, 49 N. W. 414; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 579; Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588; Merchants' State Bank v. Ruettell, 12 N. D. 519, 97 N. W. 853; Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346; Earle v. Enos, 130 Fed. 467; Payne v. Mutual L. Ins. Co. 72 C. C. A. 493, 141 Fed. 339; Harrison v. Morrison, 39 Minn. 319, 40 N. W. 66; Kulenkamp v. Groff, 71 Mich. 675, 1 L.R.A. 594, 15 Am. St. Rep. 283, 40 N. W. 57; Central Sav. Bank v. O'Connor, 132 Mich. 578, 102 Am. St. Rep. 433, 94 N. W. 11; Lipsett v. Hassard, 158 Mich. 509, 122 N. W. 1091; Dendy v. Gamble, 59 Ga. 434; Byrd v. Marietta Fertilizer Co. 127 Ga. 30, 56 S. E. 86; Crooker v. Hamilton, 3 Ga. App. 190, 59 S. E. 722; Commonwealth Trust Co. v. Coveney, 200 Mass. 379, 86 N. E. 895; Fambro v. Keith, 57 Tex. Civ. App. 302, 122 S. W. 40; Gerli v. National Mill Supply Co. 78 N. J. L. 1, 73 Atl. 252; Dickson v. Harris, 60 Iowa, 727, 13 N. W. 335; Chapman v. Chapman, 132 Iowa, 5, 109 N. W. 300; City Deposit Bank v. Green, 130 Iowa, 384, 106 N. W. 942; Homewood People's Bank v. Heckert, 207 Pa. 231, 56 Atl. 431; Bass v. Sanborn, 119 Mo. App. 103, 95 S. W. 955; Jamestown Business College Asso. v. Allen, 172 N. Y. 291, 92 Am. St. Rep. 740, 64 N. E. 952; Western Carolina Bank v. Moore, 138 N. C. 529, 51 S. E. 79; Cline v. Farmers' Oil Mill, 83 S. C. 204, 65 S. E. 272; Farmers' Bank v. Wickiffe, 131 Ky. 787, 116 S. W. 249.

The cashier was loaning the bank's money upon the responsibility of Kelly.  He did not have the implied power to so loan the money, and at the same time make an agreement that Kelly was not to be held, and thereby wipe out the security of the bank in the original transaction.  1 Morse, Banks & Bkg. 4th ed. § 167; 1 Bolles, Bkg. p. 361; 2 Thomp. Corp. 2d ed. §§ 1532, 1533; Thompson v. McKee, 5 Dak. 172, 37 N. W. 367; Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945; State Bank v. Forsyth, 41 Mont. 249, 28 L.R.A.(N.S.) 501, 108 Pac. 914; First Nat. Bank v. Lawther-Kaufman Oil & Coal Co. 66 W. Va. 505, 28 L.R.A.(N.S.) 511, 66 S. E. 713; First Nat. Bank v. Foote, 12 Utah, 157, 42 Pac. 205; Gallery v. National Exch. Bank, 41 Mich. 169, 32 Am. Rep. 149, 2 N. W. 193; Bank of United States v. Dunn,

6 Pet. 51, 8 L. ed. 316; United States v. City Bank, 21 How. 356, 364, 16 L. ed. 130, 133; Bank of Metropolis v. Jones, 8 Pet. 1216, 8 L. ed. 850, 851; Martin v. Webb, 110 U. S. 7, 14, 28 L. ed. 49, 52, 3 Sup. Ct. Rep. 428; Moores v. Citizens' Nat. Bank, 111 U. S. 156, 169, 28 L. ed. 385, 390, 4 Sup. Ct. Rep. 345; Potts v. Wallace, 146 U. S. 689, 706, 36 L. ed. 1135, 1141, 13 Sup. Ct. Rep. 196.

Kelly was chargeable with notice that the cashier possessed no such authority; he knew the money was being loaned to him, that the money was the bank's money, and that the cashier could not release him from liability in the same transaction. State Bank v. Forsyth, 41 Mont. 249, 28 L.R.A.(N.S.) 501, 108 Pac. 914; Rev. Codes 1905, §§ 6331, 6494, Comp. Laws 1913, §§ 6914, 7076; Rouse v. Wooten, 140 N. C. 557, 111 Am. St. Rep. 875, 53 S. E. 430, 6 Ann. Cas. 280; Cellers v. Meachem (Sellers v. Lyons) 49 Or. 186, 10 L.R.A.(N.S.) 133, 89 Pac. 426, 13 Ann. Cas. 997; Lumbermen's Nat. Bank v. Campbell, 61 Or. 123, 121 Pac. 430; Hunter v. Harris, 63 Or. 505, 127 Pac. 786; Northern State Bank v. Bellamy, 19 N. D. 509, 31 L.R.A.(N.S.) 149, 125 N. W. 888; Murphy v. Panter, 62 Or. 522, 125 Pac. 292; Vanderford v. Farmers' & M. Nat. Bank, 105 Md. 164, 10 L.R.A.(N.S.) 129, 66 Atl. 47; Richards v. Market Exch. Bank Co. 81 Ohio St. 348, 26 L.R.A.(N.S.) 99, 90 N. E. 1000; White v. Savage, 48 Or. 604, 87 Pac. 1040; Packard v. Windholtz, 88 App. Div. 365, 84 N. Y. Supp. 666; Smith v. State Bank, 54 Misc. 550, 104 N. Y. Supp. 750; Rowe v. Bowman, 183 Mass. 488, 67 N. E. 636; Lowell v. Bickford, 201 Mass. 543, 88 N. E. 1.

The admission of evidence of such agreement was prejudicial error. White v. Savage, 48 Or. 604, 87 Pac. 1040; Lowell v. Bickford, 201 Mass. 543, 88 N. E. 1; Lumbermen's Nat. Bank v. Campbell, 61 Or. 123, 121 Pac. 427.

The evidence was insufficient to justify the verdict. No fact was pleaded showing fraudulent conduct of the bank, nor was there any showing by proof of fraud. State ex rel. Dorgan v. Fisk, 15 N. D. 224, 107 N. W. 191.

The delivery of a note upon the promise of the party to whom it is delivered that he will have another sign it is not a conditional delivery. Mitchell v. Altus State Bank, 32 Okla. 628, 122 Pac. 666; Whitaker v. Richards, 134 Pa. 191, 7 L.R.A. 749, 19 Am. St. Rep. 684, 19 Atl.

501; Sellers v. Territory, 32 Okla. 147, 121 Pac. 228; Trustees of Schools v. Sheit, 119 Ill. 579; Risse v. Hopkins Planing Mill Co. 55 Kan. 518, 40 Pac. 904; Simpson v. Bovard, 74 Pa. 351; Whitaker v. Richards, 134 Pa. 191, 7 L.R.A. 749, 19 Am. St. Rep. 684, 19 Atl. 501.

The presumption is that where an instrument has passed out of the hands of the maker, an intentional delivery is made. The contrary must be clearly proved. Rev. Codes 1905, § 6318, Comp. Laws 1913, § 6901; Ewell v. Turney, 39 Wash. 615, 81 Pac. 1047; Hayne, New Trials & App. p. 623; Driscoll v. Market Street Cable R. Co. 97 Cal. 553, 33 Am. St. Rep. 203, 32 Pac. 591, 11 Am. Neg. Cas. 186; Fuller v. Northern P. Elevator Co. 2 N. D. 220, 50 N. W. 359; McMillen v. Aitchison, 3 N. D. 183, 54 N. W. 1030; McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125; Fulton v. Cretian, 17 N. D. 335, 117 N. W. 344; Idaho Mercantile Co. v. Kalanquin, 8 Idaho, 101, 66 Pac. 933; Wilson v. Vogeler, 10 Idaho, 599, 79 Pac. 508; Golstone v. Rustemeyer, 21 Idaho, 703, 123 Pac. 635; Ilo v. Ramey, 18 Idaho, 642, 112 Pac. 126; Heink v. Lewis, 89 Neb. 705, 131 N. W. 1051; International & G. N. I. R. Co. v. Brice, — Tex. Civ. App. —, 111 S. W. 1094; Wiley v. Atchison, T. & S. F. R. Co. 103 Tex. 336, 127 S. W. 166; Drum v. Capps, 240 Ill. 524, 88 N. E. 1020; Southwestern Development Co. v. Boyd, 7 Ind. Terr. 773, 104 S. W. 1174; Branson v. Caruthers, 49 Cal. 374; Field v. Shorb, 99 Cal. 661, 34 Pac. 504; Re Wilson, 117 Cal. 262, 49 Pac. 172, 711; Re Coburn, 11 Cal. App. 604, 105 Pac. 924; Houston v. Davis, 162 Ala. 722, 49 So. 869; Geier v. Howells, 47 Colo. 345, 27 L.R.A.(N.S.) 786, 107 Pac. 255.

Where the failure of the principal to sign the instrument in no way affects the rights or liability of the surety, the instrument is valid, and the surety is bound, unless the surety signs upon the express condition that the principal shall also sign before delivery to the obligee. 32 Cyc. 41; 1 Brandt, Suretyship, § 169, note 33; March v. Phillips, — Tex. Civ. App. —, 144 S. W. 1160; Mitchell v. Hydraulic Bldg. Stone Co. — Tex. Civ. App. —, 129 S. W. 148; Wright v. Jones, 55 Tex. Civ. App. 616, 120 S. W. 1139; Star Grocer Co. v. Bradford, 70 W. Va. 496, 39 L.R.A.(N.S.) 184, 74 S. E. 509.

Both Kelly and Chase were principals. The mere fact that one was called a surety does not make him such. Kelly was paying his own

debt. Garrison v. Nelson, 4 Tex. App. Civ. Cas. (Willson) 534, 19 S. W. 248; Pape v. Randall, 18 Ind. App. 53, 47 N. E. 530; Gund v. Ballard, 73 Neb. 547, 103 N. W. 309; Wimberly v. Windham, 104 Ala. 409, 53 Am. St. Rep. 70, 16 So. 23.

*Greenleaf, Bradford, & Nash,* for respondent.

There must be a consideration or there is no contract. The accommodated party cannot recover from the accommodation maker of a promissory note. Weeks v. Bussell, 8 Wash. 440, 36 Pac. 265; Corlies v. Howe, 11 Gray, 125, 71 Am. Dec. 693, and cases cited.

It may be shown in such cases that the party against whom a recovery is sought was merely a surety. Windhorst v. Bergendahl, 21 S. D. 218, 130 Am. St. Rep. 715, 111 N. W. 544.

The note was only conditionally delivered, and was not to take effect. until and unless sgined by another party, one Chase. The note was entirely without consideration to Kelly. He was a mere surety. McCormick Harvesting Mach. Co. v. Faulkner, 7 S. D. 363, 58 Am. St. Rep. 839, 64 N. W. 163.

A new trial will be granted where the verdict is plainly and clearly against the evidence; where the verdict shocks the sense of justice, or indicates that the jurors were influenced by passion, prejudice, or other improper motives. 29 Cyc. 821–830.

But one or more of these conditions must be clearly manifest. Fuller v. Northern P. Elevator Co. 2 N. D. 220, 50 N. W. 359.

CHRISTIANSON, J. This is an appeal from the judgment and an order of the district court of Bottineau county denying plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial. The action was brought to recover upon a promissory note in the sum of $730.30, which it is alleged was executed and delivered to the plaintiff by the defendant for value. · The complaint is in the usual form, and the answer alleges that the plaintiff induced the defendant, by means of fraud and misrepresentation and without consideration, to affix his signature to an instrument presented by the plaintiff to the defendant for the purpose of having the defendant become surety for one W. N. Chase, and that the defendant signed the said note with the understanding and agreement with the plaintiff that the plaintiff would have the said Chase sign the said note, and that on the signing of the

said note by Chase the said Chase was to receive the said money from the plaintiff. The following facts are undisputed: On March 4, 1909, one William N. Chase executed and delivered to the defendant, Peter Kelly, his certain promissory note for $670, payable November 1, 1909, and at the same time, to secure payment thereof, executed and delivered a chattel mortgage upon 6 head of horses, 1 set of harness, 10 tons of hay, and a half interest in certain crops for that season on 480 acres of land in Bottineau county. On the same day the defendant, Kelly, sold the note and chattel mortgage to the Citizens State Bank of Russell, at the same time guarantying payment thereof. Subsequently the Citizens State Bank of Russell sold and indorsed the note to the First State Bank of Russell. At the time this note became due on November 1, 1909, Chase apparently was in such financial difficulties that he was unable to pay the note, at least he did not pay it. The First State Bank of Russell thereupon notified Kelly that the note was unpaid, and demanded payment. About December 1, 1909, Chase went to the plaintiff bank to arrange for a loan to pay up the note, and afterwards on the same day Chase went to see Kelly about the matter, and took Kelly with him to the plaintiff bank, and Kelly, while there, signed the note involved in this action. The plaintiff some time thereafter sent a draft to the Russell bank in payment of the note signed by Chase and indorsed by Kelly. This note was canceled by the First State Bank of Russell as having paid on December 11, 1909, and was shortly thereafter returned to Kelly by mail, together with a release of the chattel mortgage. At the time Kelly signed the note involved in this action, he had on deposit with the plaintiff bank about $800. This money remained on such deposit some months before and after the execution of the note involved herein. There is, however, a square conflict in the testimony as to what took place at the time Kelly signed the note involved in this action.

Respondent's counsel contends that the answer raised three different issues: (1) That the contract was without consideration; (2) that it was vitiated by the fraud of the plaintiff; (3) that the instrument was conditionally delivered, and that the condition was never performed. As we interpret the answer, however, in reality it only raised one issue; namely, that the note was never delivered by the defendant to the plaintiff, but that the defendant, Kelly, merely signed

the note, and delivered it to the cashier of the plaintiff bank, to take effect only upon the execution thereof by Chase; and the first two alleged defenses are merely incidental facts, which may be considered in connection with the question of whether or not it was agreed between the plaintiff and defendant at the time the note was signed that it was not to become effective until it was signed by Chase.

While it is a general principle of law, applicable also to promissory notes, that parol evidence is inadmissible to vary or contradict the terms of a written contract as between the parties thereto, in the absence of fraud or mistake, still such evidence is always admissible between the immediate parties, and subsequent holders with notice, to show that the contract never became effective. A promissory note does not become effective until delivered. `A delivery is essential to its very existence and validity as a contract. Dan. Neg. Inst. 6th ed. §§ 68a, 81b, and 630. "As a general rule a negotiable promissory note, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties." McCormick Harvesting Mach. Co. v. Faulkner, 7 S. D. 363, 366, 58 Am. St. Rep. 839, 64 N. W. 163; Compiled Laws 1913, §§ 5891, 6901; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576.

It may, therefore, be established by parol that the instrument was delivered conditionally, to take effect only upon the happening of a certain event, and that the condition upon which it was to become operative never occurred. In discussing this matter, the Supreme Court of the United States in the case of Ware v. Allen, 128 U. S. 590, 32 L. ed. 563, 9 Sup. Ct. Rep. 174, said: "We are of opinion that this evidence shows that the contract upon which this suit is brought never went into effect; that the condition upon which it was to become operative never occurred, and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases, well recognized in the law, by which an instrument, whether delivered to a third person as an escrow or to the obligee in it, is made to depend, as to its going into operation, upon events to occur or be ascertained thereafter.

"The present case is almost identical in its circumstances with that of Pym v. Campbell, in the court of Queen's bench, 6 El. & Bl. 370, 373. The defendants in that case had signed an agreement for the purchase

of an interest in an invention, which the evidence showed was executed with the understanding that it should not be a bargain until a certain engineer, who was to be consulted, should approve of the invention. There was a verdict for the defendants, which was sustained, and the following language was used by Earle, J., on discharging the rule to show cause: 'I think that this rule ought to be discharged. The point made is that this is a written agreement, absolute on the face of it, and that evidence was admitted to show that it was conditional; and if that had been so, it would have been wrong. But I am of opinion that the evidence showed that in fact there was never any agreement at all. . . . If it be proved that in fact the paper was signed with the express intention that it should not be an agreement, the other party cannot fix it as an agreement upon those signing. The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible.' "

The defendant in this case was doubtless entitled to offer evidence for the purpose of showing that the note involved in this action was to become effective only after it had been signed by Chase. This issue was raised by the answer, and under the laws of this state would constitute a defense to plaintiff's cause of action. Comp. Laws 1913, § 6901. See also Burke v. Dulaney, 153 U. S. 228, 38 L. ed. 698, 14 Sup. Ct. Rep. 816; Dan. Neg. Inst. 6th ed. §§ 68a, 81b, and 630; 8 Cyc. 260; 2 Enc. Ev. 450.

It is also generally permissive, as respondent contends, in an action between the immediate parties or subseqeunt holders with notice, to establish the real consideration by parol; and such evidence is also admissible, in such action to rebut the presumption of a consideration, and to impeach a mere recital of consideration. The rule is stated in Daniel on Negotiable Instruments, 6th ed. § 81a, as follows: "In an action by the original payee of a negotiable instrument, or by one having notice, the question of consideration may be inquired into. And so parol evidence may be received, as against such original party or one having notice, to show a want of consideration, or failure of consideration, or that the consideration was illegal." See also 8 Cyc. 252, and 2 Enc. Ev. 491, and authorities cited.

And under this rule it is, also, true as respondent contends, that, in

an action by the payee, or one having notice, the maker of a note may show by parol that he executed the note for the accommodation of the payee, and received no other consideration therefor. National Citizens' Bank v. Bowen, 109 Minn. 473, 124 N. W. 241; Conrad v. Clarke, 106 Minn. 430, 119 N. W. 214, 482; Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111; Preas v. Vollintine, 53 Wash. 137, 101 Pac. 706; Nelson v. Millen, 205 Mass. 515, 91 N. E. 995; Dan. Neg. Inst. 6th ed. § 81a; see also 8 Cyc. 252, note 39, and authorities cited.

During the trial, however, defendant was permitted to introduce testimony to the effect that the cashier of the plaintiff bank agreed with the defendant, that the defendant would not be required to pay the note, but that if the defendant would sign the note for a short time until Chase could go through and receive a discharge in bankruptcy, that then after Chase had been so discharged in bankruptcy, the bank would then take a note signed by Mr. Chase alone, and release the defendant from liability. This testimony was all admitted over plaintiff's subjection that it was incompetent and tended to contradict and vary the terms of a written instrument. We think this testimony was improperly received. Such oral agreement is clearly at variance with the terms of the written contract itself.

Respondent's counsel claims that this testimony was competent and admissible under the allegations of the answer to establish the fact that defendant was induced to sign the note by means of fraud and misrepresentation on the part of the plaintiff. We are unable to agree with respondent's counsel in this contention. It is not contended that defendant was laboring under disability, or any misunderstanding as to the character of the instrument he was signing. The defendant was in possession of all his faculties,—and so far as the record shows could read and write. Defendant knew that he was signing a note, and this note in plain and unequivocal terms obligated him to pay a certain amount of money at a certain time. To permit the defendant to show by parol testimony that at the time he signed the note it was orally agreed that he was not to be bound by the conditions thereof, but was to be relieved and released from the payment thereof at some future date when the payee should take the note of another person in place thereof, is so obviously contradictory to and variant from the terms of the note itself that its incompetency is self-evident. Parol testimony,

as we have held, is admissible to show that for some reason the written contract never became effective or has no valid legal existence. A consideration and delivery are essential to a valid contract. Therefore it may be shown by parol that the contract never became effective, or has no legal existence. Hence, in a proper case, it may be shown by parol that the note never was delivered; that the maker received no consideration therefor; or that the contract was vitiated by fraud or mistake. The testimony under consideration in this case, however, does not come within any of the recognized rules for the omission of parol testimony. Its purpose and effect was to establish a contract different in terms from that of the written contract. We are satisfied that this testimony should have been excluded, and that its admission was prejudicial error. First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346; 17 Cyc. 589, 644; 2 Enc. Ev. 453; Dan. Neg. Inst. § 80; 4 Am. & Eng. Enc. Law, 2d ed. 146; See also § 5889, Comp. Laws 1913. As was said by the supreme court of Michigan in the case of Central Sav. Bank v. O'Connor, 132 Mich. 578, 102 Am. St. Rep. 433, 94 N. W. 11, in considering this question: "It is doubtless true, as contended by the appellant's counsel, that it may be shown that a promissory note, unconditional in terms, was conditionally delivered; that is to say, that it was placed in the hands of the payee, but with the distinct understanding that it was not to be operative, or to become a binding obligation, until the happening of some event. . . . On the other hand, the rule is firmly established that where a promissory note for a certain amount, payable at a certain time, is delivered into the hands of the payee, to take effect presently as the obligation of the defendant, parol evidence to introduce conditions or modifications of the terms is not admissible. The case of Hyde v. Tenwinkel, 26 Mich. 93, illustrates this rule. It was there held that an attempt to show a verbal contemporaneous agreement to reduce a note from an absolute and specific promise to a defeasible engagement was inadmissible. . . . We think it clear that the present case falls within that line of cases which precludes parol evidence offered to vary the terms of a written instrument."

This testimony was not admissible as evidence of fraud on the part of the plaintiff. The supreme court of Michigan in the case of Kulen-

kamp v. Groff, 71 Mich. 678, 1 L.R.A. 594, 595, 15 Am. St. Rep. 283, 40 N. W. 57, used certain language which is directly applicable to the case at hand. It said: "As far as the claim of fraud is concerned, it is not tenable. The signature of Groff was not procured by false pretenses, by the statement of any fact as existing which did not exist, but upon false promises which have not been performed. It is no more nor less than the nonperformance of an oral agreement made at the time the note was signed, and which oral agreement was totally at variance with the terms of the written contract as set forth in the note. This cannot be considered such a fraud as would nullify the note. If proof of this unperformed agreement not to hold Groff upon this note, in plain contradiction to its terms, can be admitted to destroy his liability upon it, then any unperformed oral agreement made at the time a written contract or note is executed may be admitted under the claim of fraud, to defeat the terms and purpose of the written agreement. The maker of a note, as well as the surety or indorser, may say: 'It is true, I signed the note, but it was agreed I was not to pay it, and the collection of it is a fraud upon me.' Written instruments, under the admission and use of such proof to defeat them, would be of little value, and altogether uncertain, and of no more strength than oral agreements."

It is insisted, however, by respondent that plaintiff is estopped to assert errors in the admission of this testimony for the reason that appellant's counsel cross-examined on the same matter. We do not believe that respondent's position is well taken. It is true that there are cases holding that objections to testimony are waived when the objecting party on cross-examination subsequently goes into the same matter, but we do not believe that these holdings are sound in principle, and they are clearly contrary to the weight of authority. "It would indeed be a strange doctrine, and a rule utterly destructive of the right and all the benefits of cross-examination, to hold a litigant to have waived his objection to improper testimony because, by further inquiry, he sought on cross-examination to break the force or demonstrate the untruthfulness of the evidence given in chief, in the event, as would most usually occur, that the witness should on his cross-examination repeat or restate some or all of his evidence given on his direct examination." Cathey v. Missouri K. & T. R. Co. 104 Tex.

39, 42, 33 L.R.A.(N.S.) 103, 109, 133 S. W. 417, 419. We are satisfied that the plaintiff did not waive the erroneous admission of evidence, over its objection by cross-examining the witness on the same subject; but that it had the right to attempt to destroy its harmful effects by cross-examination, if possible. Kurtz v. Payne Invest. Co. 156 Iowa, 376, 135 N. W. 1075; Hydraulic Press Brick Co. v. Green, 177 Mo. App. 308, 164 S. W. 250; McIlvaine v. First Nat. Bank, 33 S. D. 389, 146 N. W. 574; Finkelstein v. Keene Electric R. Co. 75 N. H. 303, 73 Atl. 705; Story v. Green, 164 Cal. 768, 130 Pac. 870, Ann. Cas. 1914B, 961. See also 38 Cyc. 1399.

Respondent's next contention is that plaintiff waived the error in the admission of this testimony by requesting the court to give the following instruction: "If the defendant delivered the note to the plaintiff with the understanding and agreement that he was not to be liable thereon, but that Chase, after he had gone through bankruptcy, was to pay the note and relieve the defendant of any liability thereon to the plaintiff, then such delivery was a complete delivery, and the defendant was liable to plaintiff on said note."

The court refused to give the instructions requested, hence we are not called upon to decide whether, in the event such instructions had been given, plaintiff would be estopped to assert the error in the admission of such testimony. There are cases holding that where an instruction assuming the competency of the evidence complained of is given at the request of the objecting party, that the objection to the admission of such incompetent evidence is waived. Shannon v. Potts, 117 Ill. App. 80. On the other hand, there are cases holding that such objection is not waived by asking for and receiving such instructions. Arnold v. Maryville, 110 Mo. App. 254, 85 S. W. 107. We are unable, however, to find any instance where it has been held that such objection was deemed waived, or the error cured by a mere request for an instruction. It is obvious that if the instruction requested in this case had been given, an entirely different condition would have existed. The plaintiff would then have obtained the benefit of whatever deduction the jury might have made in plaintiff's favor, from such evidence. It is unnecessary for us, in this case, to decide whether the objection would have been waived or the error cured in the event that the requested instruction had been given. That is not the condi-

30 N. D.—7.

tion here. The incompetent evidence was admitted over objection, and defendant's request for an instruction was denied. We are entirely satisfied that the error in its admission was neither waived nor cured by plaintiff's request for such instruction.

It is also contended by the respondent that the note involved in this action was signed by Kelly at the request and for the accommodation of the plaintiff bank. It is contended that Chase was farming certain lands belonging to the plaintiff; that plaintiff held a second mortgage upon the horses covered by the mortgage given by Chase to Kelly and assigned to the Russell bank, and that plaintiff desired to have the mortgage held by the Russell bank released in order that plaintiff's mortgage might become a first lien.

It is doubtless true, as a general rule, that the party for whose accommodation a note is executed is not entitled to recover from the accommodation party thereon. Dan. Neg. Inst. 6th ed. § 175; 7 Cyc. 725; 3 R. C. L. § 336. This principle, however, can have no application in this case. It is not necessary for us to decide whether or not the facts indicated would have constituted the defendant an accommodation maker; or whether the defendant under the undisputed facts in the case could claim to be an accommodation maker. A sufficient answer to respondent's contention is that there is absolutely no tangible evidence in the record of any such condition; nor is this defense alleged in the answer. And it is obvious that this defense, in order to be available, must in the first place be pleaded; and next established by competent evidence at the trial.

Plaintiff asks for judgment notwithstanding the verdict; but this should not be granted unless it clearly appears from the whole evidence that the defense sought to be established could not, in point of substance, constitute a legal defense. In other words, before the plaintiff is entitled to such judgment, it must appear clearly, upon the whole record, that the plaintiff is entitled to a judgment on the merits as a matter of law. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617.

The mere fact that the evidence was such that the trial court ought to have granted plaintiff's motion for a directed verdict, or ordered a new trial on the ground of the insufficiency of the evidence to sustain the verdict, would not warrant this court in ordering such judgment,

but it must also clearly appear that there is no reasonable probability that the defects in or objections to the proof necessary to support the verdict may be remedied upon another trial. Meehan v. Great Northern R. Co. 13 N. D. 432, 442, 101 N. W. 183; Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614; Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617; Ætna Idemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346.

Nor is such judgment warranted because some of the evidence offered, or which defendant may be able to produce upon a new trial is variant from and inadmissible under the allegations of the answer; but it must further appear that no amendment of the answer can properly be made, making such testimony competent. Welch v. Northern P. R. Co. 14 N. D. 19, 103 N. W. 396. While the defendant's testimony, as a whole, is not at all satisfactory, the admission of the incompetent testimony hereinbefore referred to apparently confused counsel on both sides, and the issue raised by the pleadings seems to have been almost wholly overlooked; and while it is clear to us that the judgment and order appeared from must be reversed, still we do not feel justified or warranted in saying that the plaintiff is entitled to judgment on the merits as a matter of law. The judgment and order appealed from are therefore reversed and set aside, and the cause remanded for another trial.