DEARBORN TRUCK COMPANY, a Corporation, Respondent, v. JOHN J. NEDRELOE, as Sheriff of Ward County, North Dakota, Appellant.

(193 N. W. 311.)

**Evidence — trover and conversion — burden on plaintiff to establish title; evidence held insufficient to establish plaintiff's ownership in property alleged converted.**

1. The plaintiff in an action in conversion has the burden of establishing his title to the property in suit. For reasons stated in the opinion it is *held* that in this case the plaintiff has failed to establish ownership of the property claimed to have been converted.

**Trover and conversion — value established as in other actions.**

2. In establishing value of property the same rules govern in actions for conversion as in other actions in which the question of value is involved.

Opinion filed May 8, 1923.

Trover and Conversion, 38 Cyc. p. 2078 n. 77; p. 2082 n. 8; p. 2085 n. 21.

From a judgment of the District Court of Ward County, *Leighton, J.*, defendant appeals.

Reversed and remanded for a new trial.

*Palda & Aaker,* for appellant.

"In an action of trover and conversion, as in an action of ejectment, the plaintiff must recover upon the strength of his own title, without regard to the weakness of that of his adversary." Bowers on Conversion, p. 431.

The defendant being in rightful possession of the property, had a right to a reasonable time in which to investigate the plaintiff's claim before it could be compelled to surrender the property or refuse to do so. First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280; Skjerseth v. Woodworth Elevator Co. 35 N. D. 295; Taugher v. Northern P. R. Co. 21 N. D. 111; Citizens Nat. Bank v. Osborne McMillan Elevator Co. 21 N. D. 335; Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200.

*The respondent having neglected to show the value of the (grain) as on the date of conversion and only at the dates of delivery and sale, some weeks prior to this demand, had not made a prima facie case when it rested and the appellant submitted its motion for a directed verdict. Hence, it was error to deny such motion.* Citizens Nat. Bank v. Osborne McMillan Elevator Co. 21 N. D. 235; Towne v. St. Anthony & D. Elevator Co. supra; First Nat. Bank v. Minneapolis & Northern Elevator Co. supra.

The complaint alleges a demand on the 26th day of May 1914 and no such demand is proved. Even if proved, then the conversion would take place and the damages would be based on the market value of the grain on that day or the highest value between that date and the verdict. Comp. Laws, 1913, § 7168. There is no proof whatever of this value; the value on November 28th, 1913 alone being sought to be proved. Skyjerseth v. Woodworth Elevator Co. 35 N. D. 295.

*Bosard & Twiford,* for respondent.

While it is true that the general rule is that the measure of damages in case of conversion is the fair market value of the property at the place of conversion, the reason for the rule ceased with the advent of modern transportation facilities and modern manufacturing and business methods, and the courts have recognized well-defined exceptions. Wal-

lingford v. Kaiser, 191 N. Y. 393, 123 Am. St. Rep. 600; Des Lacs Western Oil v. Northern Tool (N. D.) 179 N. W. 607.

CHRISTIANSON, J. Plaintiff brought this action to recover damages for the alleged conversion of certain "auto truck" parts. The trial resulted in a directed verdict in favor of the plaintiff for the sum of $635.70, with interest thereon at the rate of 6 per cent per annum from November 14th, 1918. Judgment was entered pursuant to the verdict and the defendant has appealed.

It is contended that the judgment is erroneous and should be reversed:

1. Because the evidence was insufficient to establish plaintiff's ownership of the property in controversy; and,

2. Because the court erred in excluding certain testimony offered by the defendant relating to the value of the property alleged to have been converted. The propositions will be considered in the order stated.

The evidence shows that the Fuller Motor Company of Minot, North Dakota, had certain business dealings with the Smith Motor Truck Corporation of Chicago. In the summer of 1918 the latter corporation became involved in financial difficulties. On or about August 31st, 1918, one McKay was appointed receiver of the latter corporation by the United States district court for the northern district of Illinois. The receiver testified that, on becoming receiver, he took over not only the goods of the company but orders for goods. It appears that the Fuller Motor Company transmitted an order for the goods in controversy here, which order was filled by the receiver and shipment made on October 15th, 1918. The receiver forwarded the bill of lading for the shipment with sight draft attached for the amount of the list price of the goods. The Fuller Motor Truck Company refused to honor the draft, claiming that the Smith Motor Truck Corporation was indebted to it in the sum of $554, and consequently that it ought not to be required to pay the amount of cash requested. Subsequently the Fuller Motor Company commenced an action in the district court of Ward county upon its account against the Smith Motor Truck Corporation, and caused a warrant of attachment to be issued in such action; and the goods in controversy were thereupon seized by the sheriff of said Ward county, acting under said warrant of attachment, as the property of the Smith Motor Truck Corporation.

The evidence shows that on November 4th, 1918, the receiver sold all the assets of the Smith Motor Truck Corporation as of the close of business on October 9th, 1918, inclusive of all property in transit and all orders or proceeds of orders unpaid on that date, to one, J. D. Peterson. The plaintiff claims to have purchased from Peterson all the property which he (Peterson) so purchased from the receiver.

(1) In our opinion the defendant's contention, that the plaintiff failed to establish ownership of the property in controversy, is well taken. In its complaint, the plaintiff alleges that it is the absolute owner of the goods claimed to have been converted. It is elementary that the plaintiff has the burden of proving the title so alleged and must recover upon the strength of its own title and not upon the weakness of that of its adversary. The only evidence offered by the plaintiff in this case to sustain the claim of ownership was a certain letter purporting to have been written by J. D. Peterson, to the receiver, stating that he (Peterson) *had* sold his interest in the assets of the Smith Motor Truck Corporation to the Dearborn Truck Company. This letter purports to have been written almost a year after the receiver made the sale to Peterson. There is no testimony on the part of any officer or employee of the plaintiff to the effect that the plaintiff is the owner of the property; but, as already stated, the only purported proof of ownership adduced by the plaintiff was the letter referred to. This is not a case where a declaration of ownership, made by a party in possession of personal property, is offered in support of such claim of ownership; this is a case where it is sought to introduce the declaration of one through whom title is claimed, made *after the divestment of all interest and title in the property,* as evidence of the ownership of the property by the person who claims to have acquired title from such declarant. In our opinion, this declaration was not admissible in support of, and was wholly insufficient to establish, plaintiff's claim of ownership. See Horwitz's 2 Jones, Ev. § 245, pp. 401–403; 3 Wigmore, Ev. § 1779. It follows, therefore, that plaintiff's ownership of the property was not established, and the trial court erred in directing a verdict in favor of the plaintiff. The defendant and not the plaintiff was entitled to a directed verdict. But as it is probable that this defect in the proof can be supplied upon another trial, we will not order judgment notwithstanding the verdict,

but award a new trial. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044.

Inasmuch as the views already expressed are decisive of the case, it is unnecessary to consider in detail the correctness of the rulings made on the admission or rejection of evidence relating to the value of the property in suit. In view of a new trial, however, we deem it advisable to indicate in a general way the rules applicable in determining the amount which plaintiff is entitled to recover, in event it establishes its right to recover in this suit.

Under our statute (Comp. Laws, 1913, § 7168) "The detriment caused by the wrongful conversion of personal property is presumed to be:

"1. The value of the property at the time of the conversion with the interest from that time; or

"2. When the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict without interest, at the option of the injured party; and,

"3. A fair compensation for the time and money properly expended in pursuit of the property."

In this case the plaintiff elected to invoke, and recover under the first rule fixed in the statute. Its complaint was drawn, and its proof was adduced, on that theory. The fundamental principle of the statute is that of compensation. That is, the purpose of the statute is to award plaintiff compensation commensurate with the actual injury sustained, no more and no less. See, Lovejoy v. Merchants' State Bank, 5 N. D. 623, 625–627, 67 N. W. 956. The injury claimed to have been sustained by the plaintiff in this case and for which it is entitled to compensation, if it establishes the right of compensation at all, is the value of the property converted at the time of the conversion, with interest from that date. Ordinarily the value of property which may be so recovered is that which it had at the time and place of conversion. 38 Cyc. 2094. To this rule there are certain recognized exceptions, as where goods are converted while in transit or at a forwarding point. See, authorities collated in 38 Cyc. p. 2094, note 60.

In establishing the value of property, the same rules govern in actions for conversion as in other actions in which the question of value is in-

volved. 4 Sutherland, Damages, 4th ed. § 1133; 38 Cyc. 2092. Even if it is true as asserted that the goods in controversy were manufactured by the Smith Motor Truck Corporation, under patent rights owned by it, it would not necessarily follow that the list price of such goods is controlling. If the goods have a market value that value will govern. 4 Sutherland, Damages, 4th ed. p. 4226; 38 Cyc. 2092–2094. And if the goods were available in the market at lesser prices than those claimed by the plaintiff, the defendant was entitled to show that fact. On the other hand the defendant may not escape liability by showing that there was in fact no demand for the goods at Minot, and that they had little or no value there. If there was a market elsewhere, the market value at Minot may be established by taking the market value at the nearest available market, taking the expense of transportation into account. 4 Sutherland, Damages, 4th ed. p. 4227. See also Williston, Sales, p. 969. In other words, the fundamental principle of compensation will be applied.

Reversed and remanded for a new trial.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.