R. H. HAMM, Respondent, v. JOSEPH M. MUTZ and Helen Mutz, Appellants.

(203 N. W. 673.)

**Evidence — name of payee in note may not be varied by parol evidence.**
   The name of the payee in a negotiable promissory note is an essential element of the contract, and may not be varied by parol evidence.

Opinion filed March 30, 1925.   Rehearing denied May 2, 1925.

Bills and Notes, 8 C. J. § 286 p. 170 n. 95.   Evidence, 22 C. J. § 1647 p. 1234 n. 26.

From a judgment of the District Court of Stutsman County, *Coffey,* J., defendants appeal.
   Affirmed.
   *Knauf & Knauf,* for appellants.

While it is a general principle of law, applicable, also to promissory notes, that parol evidence is inadmissible to vary or contradict the terms of a written contract as between the parties thereto, in the absence of fraud or mistake, still such evidence is always admissible between the immediate parties, and subsequent holders with notice, to show that the contract never became effective. A promissory note does not become effective until delivered. A delivery is essential to its very existence and validity as a contract. Dan. Neg. Inst. 6th ed. 68a, 816, and 630.

"As a general rule a negotiable promissory note, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties." McCormick Harvesting Co. v. Falkner, 7 S. D. 363, 58 Am. St. Rep. 839, 64 N. W. 163; Comp. Laws 1913, §§ 5891, 6901; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576.

It may therefore be established by parol that the instrument was delivered conditionally, to take effect only upon the happening of a certain event, and that the condition upon which it was to become operative never occurred. Ware v. Allen, 128 U. S. 590, 32 L. ed. 563, 9 Sup. Ct. Rep. 174.

"In an action by the original payee of a negotiable instrument, or by one having notice, the question of the consideration may be inquired into. And so parol evidence may be received, as against such original party or one having notice to show a want of consideration, or failure of consideration, or that the consideration was illegal." 8 Cyc. 252, and 2 Enc. Ev. 491, and authorities cited. Dan. Neg. Inst. 6th ed. 81a; Dygert v. Clem, 143 Pac. 823; Hodge v. Smith, 110 N. W. 192; Selma v. Harlan, 149 N. W. 673.

The defendants should have been permitted to show the falsity of the representations made to induce the signing of the notes. They were material. Defendants would have signed for the Deutscher Verein while they would not have signed for the plaintiff. Turner v. Ware, 58 S. E. 310; Banco v. Taylor, 63 S. E. 224; Thompson v. Goldman, 71 S. E. 596.

*Carr & Rittgers,* for respondent.

CHRISTIANSON, Ch. J. This is an appeal from a judgment of the District Court of Stutsman County. The action was brought to recover

upon two promissory notes aggregating $710, which it is alleged were executed and delivered by the defendants to the plaintiff, for value, on November 28th, 1921. The complaint is in the usual form. The answers of the defendants admit all the allegations of the complaint and assert as an affirmative defense that at the time of the signing of said notes "the said plaintiff stated to this defendant that he was taking the same for the benefit of and in behalf of the members of the Deutscher Verein, a club and association of men in Jamestown, North Dakota; and that it was being taken in plaintiff's name for the use and benefit of the membership of said Deutscher Verein, and that this defendant then and there told him, said plaintiff, that she would sign it only in the event that the membership of said Verein would get the full benefit of the note and any payments thereon, and this defendant signed it on condition that it was actually owned by said Membership of said Verein. That thereafter said plaintiff came to the home of these defendants and told this defendant that he had bought the debt and old notes before the new notes, now sued on herein, had been signed by this defendant, and demanded payment thereon; that this plaintiff then said he would sue this defendant on the note unless she paid same."

"For a further defense," it is alleged:

"That this defendant's signature was secured by false misrepresentations and fraud and without any consideration running to her therefor. That he then represented that he was the Secretary of the Deutscher Verein of Jamestown, A Society and Association of men to whom the defendant Joseph M. Mutz was indebted, and that they held said debt and that the note so signed was the sole property of said Deutscher Verein and that this defendant was to sign it for said Verein only, and that he would hold it, whereas, in truth and in fact the said Hamm had then through fraud and deception had the ownership to said debt."

Upon the trial the plaintiff testified that he was the owner and holder of the notes in suit and that no part thereof had been paid. He further testified that he became the owner of the indebtedness evidenced by these notes in August 1921. Each of the two notes bears an endorsement on the face thereof to the effect that it is in renewal of principal and interest of a note dated April 1st, 1915.

The defendants were sworn as witnesses in their own behalf. The defendant, Joseph M. Mutz, testified that he at no time was a member

of the Deutscher Verein, but that he was acquainted with some of the members thereof. On his direct examination he further testified:

Q. I will ask you to state where you were when you signed these Exhibits 1 and 2?

A. I was at my house, on the farm.

Q. You may state what if anything was said by you and Mr. Hamm regarding the notes at the time of the execution of the notes; both of them?

A. Mr. Hamm came out there and asked me to renew the Verein notes,—asked me if I would and I agreed to do it.

Q. You had given the Deutscher Verein notes before that time, had you?

A. Yes sir.

Q. What if anything was said as to who was the owner of them?

A. Mr. Hamm stated the Verein was the owner of it.

Q. Did you have any talk with him at that time with regard to taking the note other than in the name of the Deutscher Verein?

A. Yes sir.

Q. Just state what talk you had?

Mr. Carr: That is objected to as incompetent and an attempt by parole testimony to vary the terms of a written instrument.

This objection was sustained. Defendants' counsel thereupon made the following offers of proof:

"At this time the defendants offer to show by the witness on the stand that the notes exhibits 1 and 2 were secured by misrepresentations as to the owner of the debt and under the representation that the Deutscher Verein members owned the same, and that the same was taken in the name of the plaintiff for convenience sake, and that therefore it transpires that these statements were false, and that the same was in reality taken for the benefit of the plaintiff and not for the benefit of the members of the Deutscher Verein, as represented."

"We offer at this time to show by the witness on the stand that the defendant Mutz delivered the said notes exhibits 1 and 2 to the plaintiff Hamm on condition that the same were owned by the Deutscher Verein or the membership of the Deutscher Verein and that he so

stated to the said Hamm, and that they were delivered to him for the benefit of the members of the Deutscher Verein and not for any other person and that they were so received by the plaintiff."

Objection was interposed to these offers of proof on the ground, among others, that it was an attempt to vary and change the terms of a written instrument by parol evidence. The objections were sustained. The defendant was also asked if he would have signed either of the notes in suit if plaintiff had not represented to him at the time they were signed that the Deutscher Verein owned them. To this question and to offers of proof to the same effect, objection was made on the ground, among others, that it was an attempt to vary and change the terms of a written instrument, which objection was sustained. The court's instructions to the jury were in harmony with these rulings on the evidence. Error is predicated on the foregoing rulings on the evidence and upon the instructions.

Under the pleadings and evidence adduced and offered in this case, no question of want of consideration or of fraud is presented. The undisputed evidence shows that the defendant Joseph M. Mutz was indebted to the Deutscher Verein upon certain notes, executed in April, 1915; that in August 1921, the plaintiff became the owner of such notes and the indebtedness evidenced thereby; that the notes in suit were executed and delivered to the plaintiff in renewal of such former notes; the former notes are not in the record, and the record is silent as to whether they were executed by Joseph M. Mutz alone, or by both of the defendants. There is no contention that the notes executed to the Duetscher Verein were not valid obligations. On the contrary it is undisputed that they were. It is, also, undisputed that the notes in suit are renewal of those notes; and that the time of payment of the debt evidenced by the former notes was extended by the notes in suit.

However, the principal, if not the sole, contention of the defendants both in the district court and in this court is that the evidence which they offered tended to establish a conditional delivery of the notes. In other words, defendants contend that the evidence was admissible under the rule announced in First State Bank v. Kelly, 30 N. D. 92, 152 N. W. 975, Ann. Cas. 1917D, 1044, and in their brief on this appeal they quote extendedly from the opinion in that case. In our opinion this contention is not well founded. The Kelly case involved a note which

had been executed and delivered to the payee therein on the express condition that it should not become effective unless and until it was executed by another person. In other words, in the Kelly case the note was not delivered with the intention or understanding that it was a contract or effective as such at the time it was delivered. On the other hand, the express understanding and agreement between the parties was that there was no contract, and that the contract evidenced by the note should not become effective, unless and until a certain designated party also signed the note as co-maker. The parol agreement in the Kelly case constituted a condition precedent to the attaching of any obligation under the written instrument and the parol agreement there established did not vary any of the terms of the written contract as evidenced by the note but went to prove that there was in fact no contract,—that the obligations of the written contract never became effective.

That is not true in the case at bar. Here there is no contention that the notes were not fully and completely executed and delivered in the very form the parties intended. The notes were complete in every detail. There was no ambiguity in any of the provisions thereof. All of the provisions, including the name of the payee, were as the parties intended they should be. There was no agreement that the notes should take effect only upon the happening of some future contingency. The notes were executed and delivered as complete and effective contracts. The contention of the defendants is merely that while the notes were, by their terms, made payable to the order of the plaintiff there was a contemporaneous parol agreement that the real payee was another than the one named in the notes. This parol agreement is, we think, manifestly, at variance with and contradictory to the terms of the notes themselves. It seeks to deny and vary one of the provisions which is an essential element of a negotiable instrument. By the express terms of the Negotiable Instruments Act a negotiable instrument "must be payable to order or to bearer." Comp. Laws 1913, § 6886; Neg. Inst. Laws, § 1. And "where the instrument is payable to order the payee must be named or otherwise indicated therein with reasonable certainty." Comp. Laws 1913, § 6893; Neg. Inst. Law, § 8. See also 1 Dan. Neg. Inst. 6th ed. § 82.

Ruling Case Law (3 R. C. L. p. 879) says: "It is one of the cardinal

rules in relation to the validity of bills and notes that the payee must be distinctly shown by the paper. In this particular the Negotiable Instruments Law provides that the payee must be named or otherwise therein designated with reasonable certainty."

It is settled beyond controversy that the rule that written contracts cannot be contradicted or varied by parol evidence applies to negotiable instruments. First State Bank v . Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Routier v. Williams, post, 795, 204 N. W. 678; 3 Jones, Ev. § 494.

"It is a firmly settled principle," said the United States Supreme Court (Specht v. Howard, 16 Wall. 564, 566, 21 L. ed. 348, 349), "that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making or indorsing of a bill, or note, cannot be permitted to vary, qualify or contradict, to add to or subtract from the absolute terms of the written contract."

This principle applies to every element of the negotiable instrument. 1 Dan. Neg. Inst. 6th ed. § 81. "The maker of a negotiable instrument by making it engages that he will pay it according to its tenor." Comp. Laws 1913, § 6945; Neg. Inst. Law, § 60. And "by executing a promissory note, the maker engages to pay the amount therein named to the bearer, if it be payable to the bearer; to the payee, or order, if it be payable to a particular person or order." 1 Dan. Neg. Inst. 6th ed. § 93. And the maker cannot "show that others than the payee have a beneficial interest in the note." 2 Enc. Ev. p. 474.

The oral agreement which the defendants sought to show in this case was not one creating a condition precedent to the notes becoming effective. The agreement sought to be proven was one which contradicted and varied an essential provision of the written contract. The trial court was correct in holding that the evidence offered did not tend to establish a conditional delivery of the notes.

Judgment affirmed.

BIRDZELL, BURKE, JOHNSON, and NUESSLE, JJ., concur.