JOHN W. MAHER, Respondent, v. HERMAN BOEHMER and
Minnekota Elevator Company, a Corporation, Appellant.

(192 N. W. 723.)

**Landlord and tenant — lease on shares held effective without filing as chattel mortgage.**

1. Following Merchants' State Bank v. Sawyer Farmers' Co-op. Asso. 47 N. D. 375, it is *held* that the provision, in a farm lease on the share plan, reserving title to all crops in the owner of the land is effective without filing the farm lease as a chattel mortgage.

**Landlord and tenant — instructions as to reservation of title by farm lease on share plan held erroneous.**

2. For reasons stated in the opinion, it is *held* that the instructions to the jury in the instant case were contrary to the rule stated in the preceding paragraph, and that the trial court was correct in ordering a new trial on account of such erroneous instructions.

Opinion filed March 13, 1923.

Landlord and Tenant, 36 C. J. § 1954 p. 710 n. 26.

Appeal from the District Court of Ramsey County, *Burr*, J.

Defendant, Minnekota Elevator Company, appeals from an order granting a new trial.

Affirmed.

*F. B. Lambert,* for appellant.

*Sinness, Duffy & Wheeler,* for respondent.

CHRISTIANSON, J. This is an action for the conversion of certain grain. The case was tried to a jury and resulted in a verdict in favor of the plaintiff and against the defendant Boehmer in the sum of $180, with interest, and in favor of the defendant Minnekota Elevator Company for a dismissal of the action. Thereafter plaintiff moved in the alternative for judgment notwithstanding the verdict against the defendant Minnekota Elevator Company, or for a new trial in event the motion for judgment notwithstanding the verdict was denied. The

---

Note.—For cases holding that a provision in a lease of a farm on shares, to the effect that title to, and possession of all crops should be in the lessor until the conditions of the lease are complied with by the lessee, was effective without filing the lease as a chattel mortgage, see note in 14 A.L.R. 1362, on necessity of filing lease or contract which reserves title to crops in lessor; 16 R. C. L. 981; 4 R. C. L. Supp. 1091.

trial court ordered a new trial on the ground of errors of law occurring at the trial and excepted to by the plaintiff. The defendant elevator company has appealed from such order.

Plaintiff is the owner of a certain tract of land in Ramsey county in this state. During the years 1918 and 1919, this land was occupied by the defendant, Boehmer, under written contract. The contract under which the 1919 crops were produced contained the following stipulations: "The party of the first part (Boehmer) also agrees . . . not to sell or remove, or suffer to be sold or removed any of the products of said farm . . . until the division thereof, without the written consent of (Maher) the party of the first part; and until all the covenants and agreements to be performed by (Boehmer) the party of the first part shall have been fulfilled the title and possession of all hay, grain, crops, produce, stock, increase, income and products raised, grown or produced on said premises shall be and remain in (Maher) the party of the second part; and (Maher) party of the second part has the right to take and hold enough of the crops, stock, increase, income and products that would on the division of the same belong to said (Boehmer) party of the first part, to repay any and all advances made to him by (Maher) the party of the second part and interest thereon at 10 per cent per annum, and also to pay all indebtedness due said (Maher) party of the second part by said (Boehmer) party of the first part, if any exist. . . .

"And it is further agreed, that as soon as such threshing is finished the said first party (Boehmer) shall at once and at his own cost and expense deliver the whole of said grain to said second party (Maher) at one of the grain elevators, or on board cars, as the second party (Maher) may elect, at Southam or Lawton, North Dakota, railroad station, and take storage tickets therefor in the name of said (Maher) second party and deliver the same to him on demand, and that nothing which may be done by said (Boehmer) first party or any other person contrary to the provisions of this contract shall constitute a division of the said grain or a delivery to said first party (Boehmer) but the title, ownership and possession of such grain and all produce of said farm shall be and remain in said (Maher) party of the second part."

In his complaint the plaintiff alleges that he leased the SW¼ of section 33, township 156, range 61, to the defendant Boehmer for the

year 1919 under the written contract above referred to; that the defendant Boehmer during that year, raised 407½ bushels of wheat and 887 bushels of rye and other grain on said premises; that during the fall of 1919 he hauled and delivered the same to the defendant elevator company at its elevator at Southam; that the plaintiff has received only 48⅓ bushels of wheat and 195½ bushels of rye and that the defendants have converted all of the remainder of the grain produced on said premises, during the year 1919, to their own use and benefit; that no division of the crop had been made at the time the grain was so hauled and delivered to the defendant elevator company; that the highest market price for the grain between the date of the delivery thereof to the elevator company and the date of the commencement of this action was $2.13 per bushel for rye and $3 per bushel for wheat; that the plaintiff made advances to the defendant Boehmer and that the defendant Boehmer was indebted to the plaintiff therefor in the sum of $209.78, with interest at the rate of 10 per cent per annum from October 10th, 1918; that the plaintiff has duly demanded that the elevator company deliver the grain to him, but that such demand has been refused.

The plaintiff demands judgment for the amount of Boehmer's indebtedness to him with interest thereon and also for the value of the grain coming to him as his share, under the terms of the contract.

The defendants answered separately, but the answers are for all purposes and intents identical. It is admitted that the defendant, Boehmer, farmed the land under the written contract; all other allegations in the complaint, except the one relating to the corporate existence of the elevator company, are denied.

It is further alleged that the grain in controversy was mixed with other grains, with the consent of the plaintiff and that plaintiff specifically agreed and consented to the sale. It is further alleged that whatever interest the plaintiff had in the grain was subject to certain liens, to wit: A thresher's lien in the sum of $1,009.88; a seed lien in the sum of $235, and a farm laborer's lien in the sum of $37.50. And it is alleged that said grain was sold and applied in payment of said liens.

The trial court, among others, gave the following instructions to the jury:

"The burden of proof is upon the plaintiff to prove the amount of his advances made under his contract, the amount of grain raised under

the contract, the highest market value of the same, the amount delivered to the elevator company, *the claim that the elevator company knew of his claims* and the amount still due him. This he must do by the preponderance of the evidence,—that is, the greater weight of the evidence.

"So far as the relations between plaintiff and the defendant elevator company are concerned, *I charge you plaintiff must show the defendant had knowledge of his claims before it bought the grain. Unless this is done there is no claim against the elevator company.*"

These instructions were clearly contrary to the principle announced by this court in Merchants' State Bank v. Sawyer Farmers' Co-op. Asso. 47 N. D. 375, 14 A.L.R. 1353, 182 N. W. 263, wherein we ruled that the provision in a farm contract reserving title to all crops in the owner of the land is effective, without filing the contract as a chattel mortgage. And upon the oral argument, it was conceded that the principal, if not the sole, reason which actuated the trial court in ordering a new trial in this case was that the instructions given were contrary to the rule announced in Merchants' State Bank v. Sawyer Farmers' Co-op. Asso., supra.

Appellant's counsel contends that the instructions given were correct; that the rule announced in the case last cited is erroneous, and that that decision should be overruled. The contention advanced does not meet with our approval. The question whether a farm contract must be filed as a chattel mortgage in order to render effective a provision reserving title to all grain produced thereunder in the owner of the land was carefully considered, and the view of the court with respect thereto fully stated, in the Merchants' State Bank Case. Further reflection has in no manner altered, but has rather confirmed, the views of the members of the court who participated in that decision; and the rule announced in that case meets with the approval of all the members of the court as now constituted, and is hereby reaffirmed.

Appellant's counsel further contends that, in any event, the error in the instructions was error without prejudice. He says, the plaintiff introduced evidence tending to show that the elevator company had actual notice and knowledge of plaintiff's claim under the contract prior to the time Boehmer delivered the grain; and that the elevator company admitted that it had such actual notice and knowledge of plaintiff's claim. In our opinion the record does not substantiate the contention

thus advanced. And it is apparent that the trial court was of the view that there was a conflict in the evidence as to whether the elevator company had actual knowledge of plaintiff's claim under the contract, as it submitted that question to the jury as one of fact. As we read the record, there was no admission on the part of the elevator company that it had actual notice or knowledge of plaintiff's claim, but its contention upon the trial was to the contrary.

Appellant's counsel also asserts that the evidence was insufficient to establish the amount or the value of the grain claimed to have been converted. He further asserts that the evidence did not establish that any of the grain delivered to the elevator company was produced on plaintiff's land and subject to the provisions of the contract.

In our opinion these contentions are not well founded. While it may be true that on some features of the case the evidence is not as strong as might be desired, nevertheless, when the evidence is considered as a whole, there is substantial evidence to show that the greater portion of the grain produced by the defendant Bochmer on the plaintiff's land during the year 1919 was delivered to the defendant elevator company; and that such grain has not been returned to the plaintiff, although demand therefor has been made upon the elevator company. There is also evidence tending to show both the minimum and maximum market price of wheat and rye during the entire period intervening the date of delivery of the grain and the commencement of the action.

It seems that if a verdict had been returned in favor of the plaintiff and against the defendant elevator company for the same amount as the verdict returned against the defendant, Bochmer, that it could not have been said that such verdict was contrary to or unsupported by substantial evidence. We are not concerned here, however, with whether the evidence introduced was in all particulars as specific as might be desired, or even whether the evidence as to the amount of grain or value thereof was such as to enable the jury to determine the amount of plaintiff's damages. These are defects in the proof which may be supplied upon another trial, and do not go to the existence of the cause of action itself. In other words, the defects in the proof, if any, are not of such nature as would have entitled the elevator company to judgment notwithstanding the verdict, if a verdict had been returned against it. First

State Bank v. Kelly, 30 N. D. 84, 98, 99, 152 N. W. 125, Ann. Cas. 1917D, 1044.

It is clear, we think, that it cannot be said that the jury would have reached the same verdict as between the plaintiff and the elevator company as it did, if the erroneous instructions had not been given. Hence, the trial court was correct in ordering a new trial.

Order affirmed.

BRONSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.