JOHN W. MAHER, Respondent, v. OLE BOLSTAD and Minnekota Elevator Company, a Corporation, Appellant.

(193 N. W. 308).

**Action for conversion.**
    This case is controlled by the decision of this court in Maher v. Boehmer, ante, 592.

Opinion filed April 14, 1923.

Appeal from District Court of Ramsey County, Burr, J.
Affirmed.
*F. B. Lambert,* for appellant.
    49 N. D.—45.

It is well established in this state that, under circumstances such as shown in the case at bar, there must be a demand and a refusal to deliver. Sanford v. Duluth, 2 N. D. 6, 48 N. W. 434; Towne v. St. Anthony, 8 N. D. 200, 77 N. W. 608; First Nat. Bank v. Minneapolis, 11 N. D. 28, 91 N. W. 436; Skjerseth v. Woodworth Elev. Co. 35 N. D. 295, 160 N. W. 70; Catlett v. Stokes, 21 S. D. 108, 110 N. W. 84; Underwood v. Atlantic, 6 N. D. 274; Seymour v. Elevator Co. 6 N. D. 444.

"The chattel mortgage did not transfer the title to the wheat to the respondent, but was only a lien thereon as security for the debt it described, and, being only a lien, appellant could store or purchase it and does so subject to the lien of respondent's mortgage." Sanford v. Duluth, and Catlett v. Stokes, supra.

"Having taken it subject to such lien, a conversion does not take place until some affirmative act on the part of the appellant, like tortious detention thereof from the owner, or the party entitled to the possession thereof, or an exclusion or defiance of such party's right, or withholding of possession under claim of title inconsistent with that of the plaintiff or owner." Taugher v. Northern, 21 N. D. 111, 129 N. W. 474.

"As no such act was proved until *demand and refusal to deliver,* there was no proof of conversion as taking place prior to the 20th of December, 1908." Towne v. St. Anthony & D. Elev. Co. 8 N. D. 200.

"A chattel mortgage in this state does not convey title to the mortgagee, but is only a lien on the property covered thereby. Hence, the purchaser of the property covered by a chattel mortgage takes it subject to the lien of such mortgage, and a conversion does not take place until the purchaser does some affirmative act, like a tortious detention of such property from the party entitled to possession thereof under the mortgage, or the exclusion or defiance of such party's right, or the withholding of possession under claim of title inconsistent with that of the mortgagee." Citizens Bank v. McMillan, 21 N. D. 335, 131 N. W. 266.

Our statute on this point states that the measure of damages is "The value of the property *at the time of the conversion* with interest from that time." This law has been established in North Dakota almost

from the beginning of statehood, and the first case holding directly on the point is: Towne v. St. Anthony, 8 N. D. 200, 77 N. W. 806.

"All equitable defenses may now be interposed in actions at law under the reformed procedure." Pomeroy, Eq. Jur. §§ 85–88.

"Right of possession of a third party is a good defense." Riddle v. Lawrence (Mich.) 17 N. W. 60.

"The thresher has a lien against both the tenants and the landlord's share of the grain, and when the landlord reserves the title in himself, he does so knowing that it is subject to the holder of the thresh bill." Dahlund v. Lorentzen, 30 N. D. 279.

"There does not seem to be any limit to the use of such defenses other than is found in the very nature of equity jurisprudence itself. Whenever equity confers a right and the right avails to defeat a legal cause of action—that is, shows that the plaintiff ought not to recover in his legal action—then the facts from which such right arises may be set up as an equitable defense in bar." Pom. Code Rem. § 92.

*Sinness, Duffy & Wheeler,* for respondent.

JOHNSON, J. This is a conversion action. The facts are similar to those in the case of Maher v. Boehmer, ante, 592, 192 N. W. 723. The trial court had the same erroneous impression as to the law in both cases, and in this case directed a verdict for the defendant elevator company. In each case, on motion by the plaintiff, a new trial was ordered.

The decision in this case should follow that in the companion case of Maher v. Boehmer, supra. Appellant alleges that there was such defect of proof upon the question of quantity, demand and market value, that a new trial should have been denied. This contention cannot be sustained. We see no reason for questioning the correctness of the action of the trial court in ordering, in the exercise of its discretion, a new trial.

The order of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.