MATTCO, INC., Plaintiff-Appellee,

v.

MANDAN RADIO ASSOCIATION, INC., Defendant,

and

Richard Johnson, Defendant-Appellant.

Civ. No. 9042.

Supreme Court of North Dakota.

Dec. 20, 1974.

Rehearing Denied Dec. 31, 1974.

C. J. Schauss, Mandan, for defendant-appellant.

Patrick A. Conmy of Conmy, Rosenberg & Lucas, Bismarck, for plaintiff-appellee.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendant.

DOUGLAS B. HEEN, District Judge.

The plaintiff, Mattco, Inc., in commencing this action seeks to have an alleged interest in certain real property claimed by Richard Johnson, one of the above defendants, declared null and void. Further, the plaintiff asks that the defendant, Mandan Radio Association, Inc., be compelled to specifically perform a contract for the sale of real property to the plaintiff. As alterna-tive relief, the plaintiff asks an award of money damages.

In answering the plaintiff's complaint, the defendants allege that the plaintiff's contract of purchase of real estate with the defendant, Mandan Radio Association, was delivered conditionally. Both defendants contend that a condition precedent, a condition which would have to be performed before the contract of purchase would become a binding contract or before a duty to perform arose, did not occur, and thereby the contract is not binding upon the principals to the agreement, the plaintiff and the defendant association, and is not enforceable by legal action.

Apparently, the defendant association in the early 1960's was troubled by internal difficulties. As a part of the solution of those problems defendant Johnson, as reflected by the association's minutes of December 30, 1963, offered without remuneration to turn association stock owned by him back to the association "until such time as all stockholders had been repaid their original investments."

On May 25, 1964, the stockholders of the defendant association by motion accepted the Johnson offer, the minutes of the stockholders' meeting of this date in part reciting that his offer

". . . should be accepted, with the understanding that, should the stockholders consider the sale of all common stock in the corporation at a future date, Dick Johnson be given the opportunity to match any bona fide sale offer within a sixty day period from the time of his notification."

After some negotiations, some of which commenced as early as December 1971, the plaintiff offered to buy the real property involved in this action from the defendant association. On January 29, 1973, association stockholders at a special meeting authorized its board of directors to sell the property, subject however to the approval of the stockholders. On the same day and

immediately following the stockholders' meeting, the directors met and designated certain of its officers to carry on further sale negotiations, the directors' minutes setting forth, in part:

"It was understood that such negotiations would be subject to final approval of the stockholders, pursuant to action taken by them at the previous stockholders [sic] meeting."

On February 7, 1973, the defendant association, by its president, Clifford Nygard, accepted the plaintiff's written offer to purchase the real property concerned in this case. The contract of purchase, however, has not been presented or submitted to the stockholders for their approval, and consequently they have not ratified the sale agreement as executed by the plaintiff and the defendant association.

The controversy in this action arises from conversations and statements between Mr. Nygard and his counsel, and William W. Matthias, the plaintiff's secretary-treasurer, who signed the offer to purchase on behalf of the plaintiff. According to the defendants' witnesses, Mr. Matthias during those conversations which occurred prior to and again on February 7, before acceptance of the offer of purchase as tendered by the plaintiff, was informed that defendant Johnson had first opportunity to purchase the real property which right would have to be waived before the defendant association would consummate a sale of the real property to the plaintiff, and that the sale would be subject to stockholder approval. No reference appears in the written offer to purchase, which was prepared by the plaintiff, to either a right of first opportunity to purchase possessed by Johnson, or to the necessity of stockholder approval of the sale. The plaintiff denies any knowledge of any condition limiting or modifying its contract of purchase with the defendant association.

As earlier noted, each of the defendants by respective answer alleged existence of a condition precedent, an event which would have to occur before the February 7 contract of purchase would become a binding agreement between the plaintiff and the defendant association and enforceable between these two parties. It is upon this theory, the existence of a condition precedent which has not yet occurred, that the defendants framed their defense to the plaintiff's cause of action for specific performance. At no point in this case did the defendants accept, or acquiesce in, expressly or impliedly, determination of the issues of the case on the basis that Johnson's first right of refusal had to be a valid option to purchase the real property in question.[1]

Despite the fact that the defendants' answers represented the Johnson right of first opportunity to purchase to be a condition precedent, and the defendants' adhering to this posture during trial, the district court viewed the decisive question to be whether the Johnson right was a valid option. The court reasoned that only if the Johnson privilege was a valid option, prior in point of time, would it serve to preempt the February 7 contract to purchase as it existed between the plaintiff and the defendant association. Absent such a valid option, as the trial court saw it, the plaintiff would be entitled to have the defendant association carry out its contractual obligations under the February 7 agreement.

Following trial on the merits, the district court ordered the defendant association to convey the real property involved, as required by the terms of the February 7 agreement to the plaintiff. In so decreeing specific performance, the trial court found and concluded, first, that Johnson did not have a valid option, and secondly, that even if the option be assumed to be valid, nevertheless, Johnson waived his rights thereunder by failing to exercise a timely accept-

1. Issues not raised by pleadings, if tried by express or implied consent of the parties, shall be treated as if joined by formal pleadings. Sobolik v. Vavrowsky, 146 N.W.2d 761 (N.D.1966).

ance of the option. Only the defendant, Richard Johnson, has appealed the trial court's decision to this court.

 North Dakota recognizes that a condition precedent under appropriate circumstances may be a prerequisite to the existence of a contract. Section 9–01–11, N.D. C.C., defines a "condition precedent" as—

". . . [A] condition which is to be performed before some right dependent thereon accrues or some act dependent thereon is performed."

On several occasions, this Court has considered the matter of conditions precedent, their existence and legal effect. See: First State Bank of Eckman v. Kelly, 30 N.D. 84, 152 N.W. 125 (1915); Lilly v. Haynes Co-op. Coal Mining Co., 50 N.D. 465, 196 N.W. 556 (1923); Quinn Distributing Company v. North Hill Bowl, Inc., 139 N.W.2d 860 (N.D. 1966).

 The trial court, however, made no finding or determination of the existence of a condition precedent, if such does exist, and its legal effect on the issues of this case. Under the above cases, the existence of a condition precedent might well be dispositive of this case. We deem it necessary that these unresolved issues be determined. For this purpose, this case is remanded to the district court for a new trial or other proceeding consistent with this opinion.

KNUDSON, Acting C. J., and PAULSON and VOGEL, JJ., concur.

ERICKSTAD, C. J., deeming himself disqualified did not participate; DOUGLAS B. HEEN, Judge of the Second Judicial District, sitting in his place.

JOHNSON, Judge (concurring specially).

While agreeing with the general analysis and result in the majority opinion, I believe some further explanation may be in order regarding the scope of the condition precedent in relation to the parol evidence rule. The parol evidence rule limits the introduction of oral testimony to vary or contradict the terms of a written document. The trial court was properly concerned with this rule, which is designed to maintain the integrity of written agreements. Most business transactions are founded on the validity of written agreements and the law should not favor setting aside such agreements on the basis of subsequent oral statements.

The existence of a condition precedent may be considered an exception to the rule or a situation where the rule has no application. Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement, *if the condition does not contradict the express terms of such written agreement.* Hicks v. Bush, 10 N.Y.2d 488, 225 N.Y.S.2d 34, 180 N.E.2d 425 (1962); Weirton Savings & Loan Company v. Cortez, 203 S.E.2d 468 (W.Va.1974); Marshall & Isley Bank v. Milwaukee Gear Co., 62 Wis.2d 768, 216 N.W.2d 1 (1974). See Restatement, Contracts, § 241. If, for example, the written contract provides for prompt delivery of goods presently available a party cannot present testimony of a condition precedent that the goods be obtained by the seller. See Hicks v. Bush, *supra.* There are limits to the application of a condition precedent.