MATTCO, INC., Plaintiff and Appellee,

v.

MANDAN RADIO ASSOCIATION, INC.,
Defendant and Appellee,

and

Richard Johnson, Defendant
and Appellant.

Civ. No. 9219.

Supreme Court of North Dakota.

Oct. 7, 1976.

C. J. Schauss, Mandan, for Richard Johnson, defendant and appellant.

Conmy, Rosenberg & Lucas, Bismarck, for Mattco, Inc., plaintiff and appellee; argued by A. William Lucas, Bismarck.

PAULSON, Judge.

This is an appeal by the defendant, Richard Johnson [hereinafter Johnson], from a judgment which compelled specific performance by the defendant Mandan Radio Association, Inc., a corporation [hereinafter Mandan Radio], to convey a 3.9-acre radio station site to the plaintiff, Mattco, Inc., a corporation [hereinafter Mattco], which tract is located in Morton County, North Dakota. The defendant, Mandan Radio has not separately appealed from the judgment.

This is the second time we consider the subject matter involved in this case. Our first opinion can be found in *Mattco, Inc. v. Mandan Radio Ass'n, Inc.*, 224 N.W.2d 822 (N.D.1974), wherein the essential facts of the instant case were stated by this court as follows:

"The plaintiff, Mattco, Inc., in commencing this action seeks to have an alleged interest in certain real property claimed by Richard Johnson, one of the above defendants, declared null and void. Further, the plaintiff asks that the defendant, Mandan Radio Association, Inc., be compelled to specifically perform a contract for the sale of real property to the plaintiff. As alternative relief, the

plaintiff asks an award of money damages.

"In answering the plaintiff's complaint, the defendants allege that the plaintiff's contract of purchase of real estate with the defendant, Mandan Radio Association, was delivered conditionally. Both defendants contend that a condition precedent, a condition which would have to be performed before the contract of purchase would become a binding contract or before a duty to perform arose, did not occur, and thereby the contract is not binding upon the principals to the agreement, the plaintiff and the defendant association, and is not enforceable by legal action.

"Apparently, the defendant association in the early 1960's was troubled by internal difficulties. As a part of the solution of those problems defendant Johnson, as reflected by the association's minutes of December 30, 1963, offered without remuneration to turn association stock owned by him back to the association 'until such time as all stockholders had been repaid their original investments.'

"On May 25, 1964, the stockholders of the defendant association by motion accepted the Johnson offer, the minutes of the stockholders' meeting of this date in part reciting that his offer

"'. . . should be accepted, with the understanding that, should the stockholders consider the sale of all common stock in the corporation at a future date, Dick Johnson be given the opportunity to match any bona fide sale offer within a sixty day period from the time of his notification.'

"After some negotiations, some of which commenced as early as December 1971, the plaintiff offered to buy the real property involved in this action from the defendant association. On January 29, 1973, association stockholders at a special meeting authorized its board of directors to sell the property, subject however to the approval of the stockholders. On the same day and immediately following the stockholders' meeting, the directors met and designated certain of its officers to carry on further sale negotiations, the directors' minutes setting forth, in part:

"'It was understood that such negotiations would be subject to final approval of the stockholders, pursuant to action taken by them at the previous stockholders [sic] meeting.'

"On February 7, 1973, the defendant association, by its president, Clifford Nygard, accepted the plaintiff's written offer to purchase the real property concerned in this case. The contract of purchase, however, has not been presented or submitted to the stockholders for their approval, and consequently they have not ratified the sale agreement as executed by the plaintiff and the defendant association.

"The controversy in this action arises from conversations and statements between Mr. Nygard and his counsel, and William W. Matthias, the plaintiff's secretary-treasurer, who signed the offer to purchase on behalf of the plaintiff. According to the defendants' witnesses, Mr. Matthias during those conversations which occurred prior to and again on February 7, before acceptance of the offer of purchase as tendered by the plaintiff, was informed that defendant Johnson had first opportunity to purchase the real property which right would have to be waived before the defendant association would consummate a sale of the real property to the plaintiff, and that the sale would be subject to stockholder approval. No reference appears in the written offer to purchase, which was prepared by the plaintiff, to either a right of first opportunity to purchase possessed by Johnson, or to the necessity of stockholder approval of the sale. The plaintiff denies any knowledge of any condition limiting or modifying its contract of purchase with the defendant association."

All parties stipulated to the use by the district court on rehearing of the files, records, and transcript of the first trial, and no further appearance or oral argument was made, or testimony taken, on rehearing.

In our prior decision [*Mattco,* 224 N.W.2d 822], we directed the trial court to determine whether the contract was entered into subject to a condition precedent, and, if so, to determine what effect such a condition precedent would have on the issues of this case. *Mattco, Inc., supra.* On rehearing, the trial court made the following additional findings, *inter alia* : (1) that the Mattco-Mandan Radio contract of February 7, 1973, was signed subject to an express condition that any option rights outstanding in Johnson would be resolved before the agreement had effect as a contract; (2) that said condition precedent was satisfied and did not bar enforcement of the contract; and (3) that no other condition precedent existed.

Johnson challenges the aforesaid trial court's findings as being "clearly erroneous", contending that the trial court erred in its characterization of the option right held by Johnson. Johnson argues that the condition precedent agreed to between Mandan Radio and Mattco was not based on a prior outstanding option right held by Johnson; but, rather, contends that the condition precedent was similar in nature to a new sixty-day pre-emptive right in Johnson to purchase the property at the contracted sale price, such pre-emptive right being offered as the result of an obligation, legal or moral, owed Johnson by Mandan Radio stockholders. The trial court rejected Johnson's argument on three grounds: (1) the evidence before the court did not support a finding that Johnson was offered a pre-emptive right to purchase the real estate owned by Mandan Radio either prior to or at the time of the signing of the Mattco-Mandan Radio contract dated February 7, 1973, for the sale of said real estate; (2) the alleged pre-emptive right, if in fact offered, failed to comply with the statute of frauds; and (3) the alleged pre-emptive right, if in fact offered, was not timely exercised. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

█ The essence of an oral condition precedent to a written contract must be ascertained from the intentions of the parties as inferred from the transaction as a whole. *Quinn Distributing Company v. North Hill Bowl, Inc.,* 139 N.W.2d 860, 863 (N.D.1966). *See* § 9–07–12, N.D.C.C. A perusal of the record indicates that the trial court's characterization of the condition precedent in the instant case is consistent both with the intention of the parties as ascertained from the whole transaction, and with the intention of the parties expressed in the written Mattco-Mandan Radio contract of February 7, 1973. The testimony before the court indicates that Mandan Radio's representatives were not certain whether or not Johnson had an option and that they desired to protect the corporation against such a contingent liability; and that they thus signed the February 7, 1973, contract conditionally—thus placing Mattco on notice of Johnson's possible pre-emptive right to purchase with the oral understanding that until it was resolved there remained a condition precedent to the existence of a binding contract. Excerpts from the testimony of Mr. William A. Strutz, attorney for Mandan Radio, and Mr. Clifford Nygard, president of Mandan Radio, clearly indicate that it was their understanding that the only reason the contract was signed conditionally was to avoid potential liability if Johnson did in fact have a valid option to purchase Mandan Radio's real property. Mr. Strutz testified:

" . . . I made it very clear though that the agreement could only be signed and only be executed and delivered with the understanding Mr. Johnson's alleged option would have to be removed, either by agreement or by waiver or by non-action or in some other way; and it was also made very clear and repeated."

And Mr. Strutz further testified:

" . . . and therefore I felt that, in order to protect ourselves, we had to give notice to Mr. Johnson."

Mr. Nygard testified:

"We mentioned the fact he [Johnson] had a so-called option and we didn't know whether it was legal or otherwise, but it was in the minutes and that we could

only debate the problem under those conditions."

Mr. Nygard's answers to the following series of questions further clarify his understanding at the time he signed the Mattco-Mandan Radio contract of February 7, 1973:

"Q. Is it true, the basic problem you faced was, nobody was sure whether Johnson in fact did have a valid option?

"A. Yes.

"Q. And you just plain did not want to get in the position of selling the same property twice to different people?

.     .     .     .     .

"A. Yes."

And, finally, when asked if the reason for the conditional delivery was to protect the corporation from a possible claim by Johnson, Mr. Nygard replied: "From anybody".

■ Such testimony, by the only parties present at the signing of the Mattco-Mandan Radio contract of February 7, 1973, who testified that the contract was signed conditionally, is not consistent with Johnson's claim that he had just been offered a pre-emptive right to purchase Mandan Radio's real property by these very same Mandan Radio representatives present at the Mandan Radio stockholders' meeting of January 29, 1973, or that such was communicated to Mattco's representatives immediately prior to the signing of the Mattco-Mandan Radio contract of February 7, 1973. This testimony indicates that at the time the contract was signed, neither Mr. Strutz nor Mr. Nygard actually knew whether Johnson had a right to purchase the property, or whether such a right existed.

One final indication that Mandan Radio's representatives believed that they were merely trying to avoid potential liability if Johnson did in fact have some prior right to purchase appears in the Strutz-Johnson letter of February 14, 1973, in which Johnson was officially notified of the proposed sale [Defendant's Exhibit "C"]:

"Pursuant to action taken at the annual meeting of the stockholders of Mandan Radio Association, Inc., held on May 25, 1964, we wish to advise that the company has received a bona fide offer of $51,000 for sale of its real estate on which the station offices are located. You will recall that at the aforementioned meeting, the company agreed to give you a sixty day period from the time of notification to match any bona fide offer of sale. This letter is sent pursuant to that meeting and to advise you that such a bona fide offer has been received.

.     .     .     .."

No mention is made of any additional offer independent of the provision set forth in the 1964 Mandan Radio corporate minutes; nor is there any mention of any recent stockholder action creating any new rights in Johnson. The trial court found, and it was not questioned on this appeal, that the 1964 Mandan Radio corporate minutes granted Johnson only a pre-emptive right to purchase Mandan Radio's common stock, and did not grant an independent interest to Johnson in the real property owned by Mandan Radio.

■ The record thus supports the trial court's interpretation that the essence of the oral condition precedent was an express condition that any option rights outstanding in Johnson would be resolved before the Mattco-Mandan Radio agreement had legal effect as a contract—a natural, self-protective act to avoid selling the same piece of property twice. In *Berry-Iverson Co. of North Dakota v. Johnson,* 242 N.W.2d 126, 129 (N.D.1976), we stated:

"Findings of fact by the district court, in a case tried upon the facts without a jury, will not be set aside by this Court unless they are clearly erroneous. Rule 52(a), N.D.R.Civ.P.   .   .   .."

Furthermore, in *Berry-Iverson, supra* at 129, this Court quoted with approval from *Eakman v. Robb,* 237 N.W.2d 423 (N.D. 1975), paragraphs 4 and 5 of the syllabus, wherein this court held:

"4. A finding is 'clearly erroneous' only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. The mere fact that the

appellate court might have viewed the facts differently, if it had been the initial trier of the case, does not entitle it to reverse the lower court.

"5. Questions of fact decided by the trial court upon conflicting evidence are not subject to reexamination by the Supreme Court."

We decline to set aside the trial court's findings relative to the nature or content of the condition precedent to the signing of the Mattco-Mandan Radio contract of February 7, 1973, for the sale of Mandan Radio's real property.

## II.  STATUTE OF FRAUDS AND PAROL EVIDENCE RULE

Johnson contends that the trial court erred in requiring that Johnson's interest be legally enforceable before it could bar the enforcement of the Mattco-Mandan Radio contract. The trial court was required to determine whether or not Mandan Radio actually had given Johnson an enforceable right to purchase Mandan Radio's real property, because the trial court found that the only condition agreed to that would preclude the enforcement of the Mattco-Mandan Radio contract would be the existence of a valid right to purchase held by Johnson prior to the signing of the contract.

■ Section 9–06–04(4) of the North Dakota Century Code provides as follows:

"*Contract invalid unless in writing— Statute of frauds.*—The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged, or by his agent:

.    .    .    .    .

"4. An agreement for the leasing for a longer period than one year, or for the sale, of real property, or of an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing subscribed by the party sought to be charged."

This provision in North Dakota's statute of frauds requires that any "agreement" for the sale of any interest in real property is invalid unless it is ·in writing and subscribed to by the party to be charged. Applied to the case at bar, it would require that Johnson's interest—a pre-emptive right to purchase—be in writing to be enforceable. The trial court did not find, nor does the record disclose any written agreement between Johnson and Mandan Radio granting Johnson a right to purchase Mandan Radio's real property. All that the record reveals is a written pre-emptive right to purchase the common stock of Mandan Radio (set out in the Mandan Radio stockholders' meeting minutes of May 25, 1964, which is quoted in the recitation of facts herein) if such common stock were being sold. Johnson concedes that there are no cases which equate a right to purchase the common stock of a corporation with a right to purchase the real property owned by that corporation.

■ Johnson contends that the foregoing analysis is irrelevant to this case. He argues that the enforceability of his interest is an issue between Mandan Radio and himself, and that it is not an issue assertable by Mattco in this action. Johnson's argument is premised on different findings of fact than those made by the trial court. Johnson urges that he was in fact orally offered a right to purchase Mandan Radio's real property at the January 29, 1973, Mandan Radio stockholders' meeting; and that this fact was related to the representatives of Mattco immediately prior to the signing of the Mattco-Mandan Radio contract of February 7, 1973. Such an argument is contrary to the facts as found by the trial court, which are adequately supported by the record: that no independent interest was granted to Johnson at the January 29, 1973, Mandan Radio stockholders' meeting; but, rather, concern was expressed by its officers as to what Johnson's rights were and that Mandan Radio should be careful in protecting itself, if Johnson did in fact have such an interest, by informing Mattco about Johnson's possible interest before the contract was signed, and by giving notice to

Johnson of the proposed sale. Further, an interpretation of the oral condition precedent as advocated by Johnson, offering a pre-emptive right of purchase to one party while signing a sales contract with another, would be so inconsistent with the written contract as to require such a condition precedent to be in writing in order to comply with the parol evidence rule, before such a right could be raised as a defense in the instant case. A condition precedent, when made orally, cannot be used to contradict the express terms of a written contract. *Mattco, supra* 224 N.W.2d at 825 (concurring opinion), and *see* § 9–06–07, N.D.C.C.

### III. LAPSE OF THE PRE–EMPTIVE RIGHT TO PURCHASE

The trial court finally found in the alternative that even if Johnson was orally offered a pre-emptive right to purchase Mandan Radio's real property, and even if said pre-emptive right to purchase was not barred by the statute of frauds or the parol evidence rule, Johnson's pre-emptive right to purchase lapsed when it was not timely exercised.

The record reveals that the Mattco-Mandan Radio contract was signed on February 7, 1973. The record further reveals that Johnson was informed by telephone on February 9, 1973, as well as by a letter on February 14, 1973, that a sale of Mandan Radio's real property was being transacted and that "Pursuant to [the] action taken at the annual meeting of the stockholders of Mandan Radio Association, Inc., held on May 25, 1964 . . . ." Mandan Radio granted Johnson "a sixty day period from the time of notification" to match Mattco's offer. The record finally discloses that Johnson did not attempt to exercise his pre-emptive right to purchase Mandan Radio's real property until May 16, 1973—96 days after he was notified by telephone on February 9, 1973, as corroborated by the letter of February 14, 1973; thus allowing his interest to lapse.

Johnson urges that his sixty-day pre-emptive time period should not be calculated from February 14, 1973. Rather, he contends that it should be figured from March 26, 1973, for three related reasons: (1) March 26, 1973 was the date Johnson received Mandan Radio's expense records for the real property—information which Johnson had requested when he learned of his possible pre-emptive interest on February 9, 1973; (2) Johnson never received a reply or any negative indication to his letter to Mr. Strutz of March 27, 1973, in which letter Johnson had stated that he assumed that he had sixty days from March 26, 1973; and (3) that, since both Mattco and Mandan Radio were aware of the foregoing facts through their attorneys, their failure to object to Johnson's extension of his pre-emptive period should be held to constitute acquiescence in such extension.

We reject Johnson's contentions. Johnson's alleged pre-emptive right to purchase was specifically limited to sixty days from the date of notice, and such time is of the essence. 77 Am.Jur.2d Vendor and Purchaser § 42 (1975); 8A Thompson on Real Property §§ 4445, 4446 (1963). *See Horgan v. Russell,* 24 N.D. 490, 140 N.W. 99, 101–103 (1913). The holder of a pre-emptive right to purchase real property cannot unilaterally enlarge its time period or add conditions to its running. Such modifications must be in writing and be signed by the party to be charged. § 9–06–04(4), N.D.C.C.; 8A Thompson on Real Property § 4461 (1963); and 91 C.J.S. Vendor & Purchaser § 12 (1955). Further, the relationship between an attorney and a client is one of agency and cannot be presumed to be as broad as Johnson asserts herein. 7 C.J.S. Attorney and Client § 67 (1937). Absent a showing of actual authority to modify the terms of the alleged pre-emptive right to purchase, neither Mandan Radio's nor Mattco's attorney could be presumed by Johnson to possess authority to modify the terms of the alleged pre-emptive right to purchase, and it could not be inferred from Mandan Radio's and Mattco's authorization of the execution of the agreement by their respective officers. 3 Am.Jur.2d Agency § 85 (1962).

The judgment of the district court is affirmed.

SAND and VOGEL, JJ., and DOUGLAS B. HEEN, District Judge, concur.

ERICKSTAD, C. J., deeming himself disqualified, did not participate, DOUGLAS B. HEEN, District Judge of the Second Judicial District, sitting in his place.

PEDERSON, Justice (concurring in part and dissenting in part).

I concur insofar as the majority opinion determines that the trial court was correct in finding that Mattco is entitled to specific performance of its agreement with Mandan Radio. The terms of the condition precedent were oral as between Mandan Radio and Mattco. Under Rule 52(a), NDRCivP, the trial court did not clearly err in Finding No. 9 that as between Mattco and Mandan Radio "the contract [is] subject to a condition precedent that any option rights in Richard Johnson *would be resolved* before the agreement had effect as a contract." [Emphasis added.]

I do not concur in the implication left by the trial court, and now this court, that the offer to Johnson was only that his rights be resolved. The communication by Mandan Radio to Johnson in the form of a letter dated February 14, 1973 (defendant's Exhibit C), is clearly an offer to sell and cannot be interpreted to mean that it contemplated only that Johnson's rights, if any, *would be resolved.*

To the extent that the court's finding can be interpreted as disposing of any present or potential dispute between Mandan Radio and Johnson on the same basis as it disposes of the dispute between Mandan Radio and Mattco, it is clearly erroneous.

It may seem incongruous that Mandan Radio would express the condition precedent in one way to Mattco and in another way to Johnson, but this is clearly what the record supports.