William E. EVENSON, Plaintiff
and Appellee,

v.

David R. HLEBECHUK and Janice B.
Hlebechuk, Defendants and
Appellants.

Civ No. 9899.

Supreme Court of North Dakota.

April 23, 1981.

**14**

.Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for plaintiff and appellee; argued by Roger J. Minch, Fargo.

Schuster & Brothers, Fargo, for defendants and appellants; argued by Michael J. Garrison, Fargo.

ERICKSTAD, Chief Justice.

The defendants, David and Janice Hlebechuk, appeal from a summary judgment entered against them by the District Court of Cass County contending that they should have been allowed to present parol evidence concerning a promissory note issued by them to plaintiff, William Evenson. We affirm the summary judgment entered by the district court.

It is undisputed that Evenson was employed by the Hlebechuks to sell a twelve-plex apartment building in Casselton, North Dakota. A purchaser, Darwin Jacobson, was procured by Evenson. An earnest money receipt and agreement was entered into between Jacobson and the Hlebechuks. Jacobson paid $12,500 as a down payment. The Hlebechuks were to carry a contract for deed for the balance of $237,500 for a term of 20 years with a balloon payment due at the end of two years. At the end of this period, Jacobson had an option for an additional two-year period to pay the balloon.

On June 1, 1977, when the sale was consummated, the Hlebechuks executed a promissory note to Evenson in the amount of $12,500 "for services rendered by the payee to the makers in connection with the sale" of the apartment.[1] Subsequently, Jacobson failed to make any payments and in lieu of a foreclosure deeded the apartment building back to the Hlebechuks. Evenson demanded payment under the promissory note and the Hlebechuks refused to pay. They assert that the note was to become payable only if the balloon payment was made by Jacobson. Evenson contended that the promissory note was clear and unambiguous and that any parol evidence which contradicts the note is excluded by the parol evidence rule. The trial court,

1.　　"PROMISSORY NOTE

"$12,500.00　　　Fargo, North Dakota
June 1, 1977

"Two years after date, for value received, the undersigned, David R. Hlebechuk and Janice B. Hlebechuk, husband and wife, promise to pay to the order of William E. Evenson, at Fargo, North Dakota, the sum of Twelve Thousand Five Hundred and no/100ths Dollars ($12,-500.00), with interest from date hereon at the rate of 9¾% per annum. The several makers, signers, guarantors and endorsers hereof hereby waive presentment, demand, notice of dishonor and protest and consent that the time of payment may be extended or this note renewed without affecting their liability thereon.

"The makers hereof reserve the privilege of prepaying this note in whole or in part at any time.

"This note is given in consideration for services rendered by the payee to the makers in connection with the sale of real property located in Casselton, North Dakota, under the terms of a certain Contract for Deed bearing this date between the makers and Darwin Jacobson. The due date of this note may be accelerated by the payee to the date of full performance of the said contract by Darwin Jacobson. The aforesaid Contract for Deed contains an option on the part of said Darwin Jacobson to extend the date of final performance under the contract to June 1, 1981. If the date of final performance under said Contract for Deed is extended, the makers hereof reserve the right to extend the due date of this note for an additional time up to June 1, 1981, said option must be exercised by the makers hereof in writing addressed to the payee and deposited in the United States mail on or before May 1, 1979."

after receiving briefs and holding a hearing, entered summary judgment for Evenson. The Hlebechuks assert the following issues on appeal:

"I.

"Whether the written contract of the parties, as evidenced by an Earnest Money Agreement and a Promissory Note executed by the parties, is ambiguous and uncertain as to Defendants' obligation to pay Plaintiff his real estate commission for the sale of real property.

"II.

"Whether parol evidence is admissible to show the oral agreement of the parties subjecting Plaintiff's real estate commission to a condition precedent that the purchaser make the deferred payments on a Contract for Deed with the Defendants, when that parol agreement was the inducing cause of a Promissory Note and an integral part of the consideration for the Promissory Note.

"III.

"Whether parol evidence is admissible to establish that a Promissory Note given for the commission on a sale of realty by the payee was delivered on the express condition that it was to be operative only when the purchaser made the deferred payments on the purchase price.

"IV.

"Whether Summary Judgment was appropriate under the circumstances of the present case."

*I.  Scope of Review*

■ On appeal from a summary judgment, we review the evidence in the light most favorable to the party against whom the summary judgment was granted. *Jacob v. Hokanson,* 300 N.W.2d 852, 854 (N.D. 1980). The summary judgment will be upheld only if it appears that there is no

2. This court did not have the Contract for Deed before it in the Judgment Role.

genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, N.D.R.Civ.P.; *Jacob v. Hokanson, supra; Winkjer v. Herr,* 277 N.W.2d 579 (N.D.1979).

*II.  Admission of Parol Evidence*

The district court determined that "[t]he promissory note together with the asserted earnest money contract and the asserted Contract for Deed are clear, certain and unambiguous on their face," [2] and that parol evidence was not admissible.

*A.  Ambiguous Contract*

The Hlebechuks assert that the written agreement of the parties concerning the real estate commission is ambiguous and that parol evidence is admissible to explain the true meaning of the terms of the agreement.

The promissory note falls under the commercial paper chapter of North Dakota's Uniform Commercial Code as it is a negotiable instrument. § 41–03–04, N.D.C.C. As required by Section 41–03–04, the note (a) was signed by the makers, the Hlebechuks; (b) contained an unconditional promise to pay a sum certain, $12,500 at 9¾% interest; (c) is payable at a definite time; and (d) is payable to the order of William Evenson. § 41–03–04, N.D.C.C. Thus, the note is governed by the Uniform Commercial Code.

■ The parol evidence rule of Section 9–06–07, N.D.C.C., also is applicable as ·a general principle of law to supplement the U.C.C. § 41–01–03, N.D.C.C.; *Peoples Bank & Trust v. Reiff,* 256 N.W.2d 336, 340 (N.D.1977).

Section 9–06–07, N.D.C.C., provides:

"*9–06–07.  Written contract supersedes oral negotiations.*—The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

■ We have previously held that "[t]his is a legislative enactment, in part, of the parol evidence rule. * * * This is not an evidentiary or interpretive rule, but rather one of substantive law." *Gajewski v. Bratcher*, 221 N.W.2d 614, 626 (N.D.1974). Parol evidence is admissible, however, when the writing is ambiguous. *Johnson v. Auran*, 214 N.W.2d 641, 652 (N.D.1974). Whether or not the writing is ambiguous is a question of law for the court to determine. *Id.* at 653.

The district court considered the earnest money receipt and agreement between Jacobson and the Hlebechuks in reaching its determination that the writing was not ambiguous. At the bottom of this writing there is a handwritten note after the printed statement "OWNER'S CLOSING INSTRUCTIONS AND AGREEMENT TO PAY COMMISSION" which simply states "Deferred with Balloon". This portion of the earnest money receipt and agreement is not signed by any of the parties. The Hlebechuks contend that when this writing is interpreted and construed together with the promissory note it raises an ambiguity. We disagree.

■ The district court properly construed the promissory note and the earnest money receipt and agreement together as they were both executed as part of the same transaction and contained terms relating to the commission to be paid. § 41–03–19, N.D.C.C.; *see also Sanden v. Hanson*, 201 N.W.2d 404, 408 (N.D.1972).

■ Even when the writings are construed together, however, they are not ambiguous. The promissory note provides that the commission may be deferred if Jacobson exercised his option to extend payment of the balloon two years. The earnest money receipt and agreement states the same thing in a short-hand manner. As there is no ambiguity in these writings, that exception to the parol evidence rule does not apply.

### B. Oral Agreement as Inducing Contract

■ The Hlebechuks next assert that parol evidence is admissible when an oral agreement is the inducing cause of the written contract. *See Smith v. Michael Kurtz Construction Co.*, 232 N.W.2d 35 (N.D.1975).

Evenson argues that this issue was not raised in the trial court. Our review of the briefs on the motion for summary judgment and the transcript of the hearing confirms Evenson's contention.

In *Mattis v. Mattis*, 274 N.W.2d 201, 204 (N.D.1979), we said:

"... ordinarily on appeals to this court the record must reflect that the appellant brought all matters necessary for the disposition of the issues raised on appeal before the trial court or that they were improperly excluded by the court; and that all issues raised on appeal were presented to the trial court but were not resolved in accordance with law. The appeal process is designed to review action taken by the trial court. It is not designed to give the appellant an opportunity to develop different strategy or theories. The appellant is bound by the record he made."

Accordingly, this issue is not appropriately before us on this appeal.

### C. Parol Evidence of a Condition Precedent

The Hlebechuks final assertion is that parol evidence is admissible to show that the note was delivered on a condition precedent that it was to become operative only when the balloon payment was made.

The district court in its memorandum opinion said:

"The Defendants urge that they should be able to show intrinsic evidence that a condition precedent was to happen (full payment) before the note is operative. Amendment of Defendants' Answer to specifically plead this will not change the parol evidence rule. Neither will it come under any exception to the rule. It still results in an attempt to alter the terms of a written document which is clear, certain and unambiguous on its face."

In *Mattco, Inc. v. Mandan Radio Ass'n, Inc.*, 224 N.W.2d 822, 825 (N.D.1974) we said:

"North Dakota recognizes that a condition precedent under appropriate circumstances may be a prerequisite to the existence of a contract. Section 9–01–11, N.D.C.C., defines a 'condition precedent' as—

'. . . [A] condition which is to be performed before some right dependent thereon accrues or some act dependent thereon is performed.'

"On several occasions, this Court has considered the matter of conditions precedent, their existence and legal effect." 224 N.W.2d at 825.

"The existence of a condition precedent may be considered an exception to the rule or a situation where the rule has no application. Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement, *if the condition does not contradict the express terms of such written agreement.*" 224 N.W.2d at 825 (concurring opinion by Johnson).

A condition precedent cannot be used to contradict express terms of a written contract. *Mattco, Inc. v. Mandan Radio Ass'n, Inc.*, 246 N.W.2d 222, 228 (N.D.1976).

It is also the established law in North Dakota that promissory notes may be subject to conditions precedent. *First State Bank v. Kelly*, 30 N.D. 84, 152 N.W. 125, 127 (N.D.1915). Parol evidence is admissible to prove the existence of a condition precedent to the effectiveness of the writing. *Id.*

We agree with the reasoning used by the Supreme Court of Idaho in deciding *Ventures, Inc. v. Jones*, 623 P.2d 145 (Idaho 1981). In that case, the court held that the law prior to enactment of the U.C.C. regarding the admissibility of parole evidence to prove a condition precedent to a negotiable instrument was equally applicable to post U.C.C. cases. 623 P.2d at 149. In that case, the court said:

"Thus, even before the enactment of the Uniform Commercial Code, it was the rule in Idaho that where promissory notes are given subject to conditions upon their delivery, observance of those conditions is essential to the validity of the notes and that the annexing of such conditions to the delivery is not an oral contradiction of the written obligation. . . .

"The theory behind the cases cited above is that when a note is delivered subject to a condition, it does not become enforceable until the condition has been fulfilled. This theory has continued application in the code in I.C. § 28–3–306(c) [which is similar to § 41–03–36, N.D.C.C.], which lists the defense of nonperformance of any condition precedent as available against one not a holder in due course." 623 P.2d at 149.

The Supreme Court of Idaho was discussing delivery for a special purpose but used the law concerning conditional delivery.

Evenson contends that such parol evidence contradicts the unconditional promissory note and is inadmissible. *Mattco, Inc. v. Mandan Radio Ass'n, Inc., supra*, 246 N.W.2d at 228. We agree. Although there may be conditions precedent to negotiable instruments, this is not such a case at the condition precedent alleged by the Hlebechuks conflicts with the terms of the note. Such a conflict does not arise simply because a condition precedent would make the unconditional promissory note unenforceable; rather, the condition precedent is so inconsistent with the note as to require it to be in writing. *Mattco, Inc. v. Mandan Radio Ass'n, Inc., supra*, 246 N.W.2d at 228.

In this case, the note does more than just establish a definite due date as all negotiable instruments must. The note contains four conceivable times for payment: (1) the note may be paid on the due date, two years after June 1, 1977; (2) the note may be prepaid at any time by the Hlebechuks; (3) the note may be accelerated by Evenson at any time that Jacobson renders full performance of the contract for deed; and (4) the note may be extended to June 1, 1981, if Jacobson chooses to exercise his option to extend the due date of the balloon payment under the contract for

deed. It appears that all eventualities contemplated for payment of the note were included by the parties. Had the parties intended payment of the balloon payment as a condition precedent, it would have been easy to have so included it in the note. Having not done so, they cannot attempt to do so now through parol evidence, for to permit that would be to permit evidence of a condition precedent which is inconsistent with the other terms of the note relevant to payment.

The condition precedent alleged by the Hlebechuks is so inconsistent with the terms of the note that oral evidence concerning it was properly excluded.

### III. Summary Judgment

The note itself is clear, certain, and unambiguous. As there were no issues of material fact, the motion for summary judgment was properly granted by the district court.

The summary judgment is affirmed.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.